Filed 10/30/13  P. v. Williams CA2/7
Opinion following remand from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>DEMETRIUS LAMONT WILLIAMS,<br><br>　　Defendant and Appellant. | B222845<br><br>(Los Angeles County<br>Super. Ct. No. MA046168) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Bernie C. LaForteza, Judge.  Reversed and remanded with directions.

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Scott A. Taryle and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Demetrius Lamont Williams used re-encoded payment cards to buy gift cards at Walmart and struggled with one of its security guards as he tried to leave the store after his scheme was discovered. A jury convicted Williams on four counts of robbery (Pen. Code, § 211),[1] three counts of forgery of access cards (§ 484i, subd. (b)), and one count each of burglary (§ 459), grand theft of personal property (§ 487, subd. (a)) and fraudulent use of an access card or account information (§ 484g, subd. (a)).

On appeal to this court Williams's primary contention was that the use of force when fleeing a retail store following the successful acquisition of personal property through a theft by false pretenses, as opposed to theft by larceny or theft by trick, does not constitute robbery. He also argued his forgery convictions were not supported by sufficient evidence, which the People conceded, and advanced several other challenges to his convictions and sentencing. We affirmed the robbery convictions, reversed the forgery convictions and modified the remaining judgment to stay imposition of the burglary sentence but affirmed in all other respects.

Williams petitioned the Supreme Court for review of our decision, limited to the question whether a conviction for robbery may be based on an underlying theft by false pretenses. The Court granted Williams's petition and held a theft by false pretenses does not satisfy the "felonious taking" element of robbery: "[L]arceny requires a 'trespassory taking,' which is a taking without the property owner's consent. [Citation.] This element of larceny, like all its other elements, is incorporated into California's robbery statute. [Citations.] By contrast, theft by false pretenses involves the *consensual* transfer of possession as well as *title* of property; therefore, it cannot be committed by trespass. . . . [¶] Here . . . defendant did not commit larceny. Walmart, through its store employees, consented to transferring title to the gift cards to defendant. Defendant acquired ownership of the gift cards through his false representation, on which Walmart relied, that he was using valid payment cards to purchase the gift cards. Only after discovering the fraud did the store seek to reclaim possession. Because a 'felonious taking,' as

---

[1] Statutory references are to the Penal Code.

required in California's robbery statute [citation], must be *without the consent* of the property owner or "'against his will'" [citation], and Walmart *consented* to the sale of the gift cards, defendant did not commit a *trespassory* (nonconsensual) taking, and hence did not commit robbery." (*People v. Williams* (2013) 57 Cal.4th 776, 788.)

The Court reversed our judgment upholding Williams's four robbery convictions (*People v. Williams, supra*, 57 Cal.4th at p. 790) and remanded the matter to us "[b]ecause other aspects of the Court of Appeal's decision may be affected" by that reversal. (*Ibid.*)[2]

1. *Williams's Conviction and Sentencing; this Court's Prior Opinion*

In addition to charging Williams with 10 felony counts of robbery, burglary, forgery and theft, the information specially alleged Williams had suffered one prior serious or violent felony conviction (robbery) within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and section 667, subdivision (a)(1), and had served five separate prison terms for prior felony convictions (§ 667.5, subd. (b)). The jury found Williams guilty of all the crimes charged. In a bifurcated proceeding Williams waived his right to trial and admitted the prior robbery conviction allegation. The People dismissed the prior prison term allegations.

The People submitted a sentencing memorandum urging the court to impose an aggregate state prison term of 23 years eight months, including the upper term for the first robbery conviction and consecutive terms for the remaining three robbery convictions. At the outset of the sentencing hearing the court denied Williams's motion to dismiss his prior felony strike conviction on the grounds of his "extremely long criminal history" and "the dangerousness" of the case. The court explained, "[The case] involved four victims . . . and that makes it even more dangerous. If it was just one person, so be it but the person who is challenging four people, to me, indicates a serious potentially dangerous situation."

---

[2] No supplemental briefing after remand was filed by either party. (See Cal. Rules of Court, rule 8.200(b).)

3

After hearing argument the court sentenced Williams to an aggregate state prison term of 23 years eight months:  A principal term of five years, the upper term, for robbery (count 1), doubled to 10 years under the three strikes law, plus an additional five years for the section 667, subdivision (a)(1), enhancement, and consecutive subordinate terms of one-third the middle term of three years, doubled to two years, for each of the three additional robbery convictions (counts 2, 3 and 4); one-third the middle term of two years, doubled to one year and four months for burglary (count 5); and one-third the middle term of two years, doubled to one year and four months for forgery (count 8). Sentences for the remaining counts were stayed pursuant to section 654.

In our prior opinion, (July 31, 2011, B222845), in addition to concluding Williams's robbery convictions were properly predicated on the use of force to attempt to escape with gift cards he had stolen by false pretenses—the ruling reversed in *People v. Williams, supra*, 57 Cal.4th 776—we reversed the forgery convictions for insufficient evidence,[3] held Williams could not be separately punished for the robbery convictions and the burglary conviction under section 654[4] and found the trial court had not abused its

---

[3]    We explained, to be convicted of forgery under section 484i, subdivision (b), the evidence must demonstrate the defendant modified or altered access card account information or authorized or consented to such alteration or modification.  There was no evidence of either, and "'[a]n inference is not reasonable if it is based only on speculation.'"  (See *People v. Hughes* (2002) 27 Cal.4th 287, 365.)

[4]    Section 654 prohibits separate punishment for multiple offenses arising from the same act or from a series of acts constituting an indivisible course of criminal conduct. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507; *People v. Latimer* (1993) 5 Cal.4th 1203, 1216.)  As we explained, courts have repeatedly found section 654 to bar separate punishment when a defendant commits robbery after being confronted during a burglary, which we believed had occurred in the case at bar.  (See, e.g., *People v. Perry* (2007) 154 Cal.App.4th 1521, 1527 ["it cannot be said that appellant acted with multiple independent objectives in committing the burglary and the robbery"]; *People v. Le* (2006) 136 Cal.App.4th 925, 931 [§ 654 barred punishment for both burglary and robbery; "the robbery offense arose from defendant's use of force to steal the [drugstore's] merchandise, which occurred when defendant struggled with the [drugstore's] department manager over the car keys and then drove off while the manager's upper body was still in

discretion in ordering consecutive, rather than concurrent, sentences. We also held Williams had forfeited his claim the court erred in failing to advise him of the penal consequences of admitting his prior robbery conviction. No issue relating to these matters was addressed by the Supreme Court. Accordingly, our initial decision remains determinative on those points. (See *Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 709, fn. 12 [following voters' amendment of the constitutional jurisdiction of the California Supreme Court by adoption of Proposition 32 in November 1984, the Supreme Court may review limited portions of the Court of Appeal's decision in a case; "[w]e need not address portions of the opinion as to which the parties did not seek review, and the Court of Appeal's opinion remains determinative on those matters"].)

2. *The Matter Must Be Remanded for Resentencing on the Burglary Conviction*

Based on the Supreme Court's decision on the robbery counts and our prior opinion regarding the forgery charges, Williams's judgment must be reversed save only for his convictions for second degree burglary, grand theft and fraudulent use of an access card, as well as his admission of a prior serious or violent felony conviction under the three strikes law. (Because none of the remaining current felony convictions is for a serious felony, the five-year enhancement in section 667, subdivision (a), cannot be applied to Williams's sentence.) The trial court previously determined, correctly in our view, sentence on the theft and fraudulent use convictions should be stayed pursuant to section 654 pending the finality of the judgment and service of the sentence on the second degree burglary count. Accordingly, all that remains on remand is for the trial court to sentence Williams as a second strike offender for second degree burglary.

---

the vehicle, in an effort to depart with the [whiskey and diapers] obtained in the store burglary"].)

## DISPOSITION

The judgment is reversed and the matter remanded to the trial court for resentencing consistent with the Supreme Court's opinion, this opinion and those portions of our initial decision that have not otherwise been reversed or modified.


PERLUSS, P. J.

We concur:


WOODS, J.


ZELON, J.