Filed 8/15/14  P. v. Woodward CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F066965 |
| v. | (Super. Ct. No. 1452317) |
| DEAMUS HEATH WOODWARD, | **O P I N I O N** |
| Defendant and Appellant. | |

### THE COURT\*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Linda A. McFadden, Judge.

Tracy Lum, under appointment by the Court of Appeal, for Defendant and Appellant.

---

\*       Before Cornell, Acting P.J., Gomes, J., and Chittick, J.†

†       Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Appellant Deamus Heath Woodward was convicted by plea in case No. 1432475 of second degree burglary (Pen. Code, §§ 459, 460, subd. (b))[1] and in case No. 1441769 of receiving stolen property (§ 496, subd. (a)).

In case No. 1452317 a jury convicted Woodward of taking or driving a vehicle without the owner's consent (count I/Veh. Code, § 10851, subd. (a)), receiving a stolen vehicle (count II/§ 496d, subd. (a)), resisting arrest (count III/§ 148, subd. (a)(1)), and possession of burglary tools (count IV/§ 466). In a separate proceeding Woodward admitted three prior prison term enhancements (§ 667.5, subd. (b)).

On March 8, 2013, the court sentenced Woodward in case No. 1452317 to an aggregate local prison term of seven years six months: the upper term of four years on Woodward's vehicle theft conviction, a stayed term on his receiving a stolen vehicle conviction, a consecutive six months on his resisting arrest conviction, a concurrent six-month term on his possession of burglary tools conviction, and three prior prison term enhancements. In case No. 1441769, the court recalled the sentence it had imposed in April 2012 and sentenced him to a concurrent middle term of two years. In case No. 1432475, the court revoked probation and sentenced Woodward to a concurrent middle term of two years.

On appeal, Woodward contends: (1) his sentence violates section 654's prohibition against multiple punishment; and (2) the court erred by its failure to state the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

statutory basis for some of the fees, fines, and assessments it imposed. We will find partial merit to this last contention.

## FACTS

On December 2, 2012, at approximately 5:00 p.m., Sintia Vasquez drove her 1995 Honda Civic to the Burlington Coat Factory in Modesto. The car was gone when she came out of the store.

On December 4, 2012, Modesto police officers located the Honda and placed it under surveillance. Shortly after 5:00 p.m., as a police officer approached the Honda while it was parked at a shopping center, Woodward exited the Honda through the driver's door and took off running. Woodward was captured a short time later after he jumped in a canal.

During a search of the Honda officers found a key ring with 19 shaved keys[2] from different manufacturers and a knapsack containing numerous tools including a crowbar, bolt cutters, gloves, three screwdrivers, and another set of keys. An additional shaved key with a ring of keys attached was found in the Honda's ignition.

## DISCUSSION

*The Section 654 Issue*

In sentencing Woodward, the court stated,

> "For the burglary tools, I am going to order that you serve six months concurrent on the burglary tools, that being count IV. That's -- that is -- although there were a number of tools [that] quite easily could have been found by the jury [to be] burglary tools, I'm not [sure] which tool they selected or tools, I imagine they looked at all of them, felt that they were burglary tools. There was certainly no good reason for you to have all of those tools, especially the 17 shaved keys, and -- but I guess it's possible they could have found just the one that you had in the car was a burglary

---

[2]    Shaved keys were described as keys that car thieves file down to facilitate turning over the car's ignition to start it so it can be driven off without the original key.

3

tool, and that would be kind of part of the same offense. So I'll order six months concurrent."

Woodward appears to contend, based on the above quotation, that because the court found he had the same objective in possessing the burglary tools as he did in committing his auto theft offense, the court violated section 654 when it imposed a concurrent term on his possession of burglary tools conviction. We disagree.

"[S]ection 654 prohibits punishment for two crimes arising from a single indivisible course of conduct. [Citation.] If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once. [Citation.] If, however, a defendant had several independent criminal objectives, he may be punished for each crime committed in pursuit of each objective, *even though the crimes shared common acts* or were parts of an otherwise indivisible course of conduct. [Citation.]" (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525, italics added.) "Although the question of whether defendant harbored a 'single intent' within the meaning of section 654 is generally a factual one, the applicability of the statute to conceded facts is a question of law. [Citation.]" (*People v. Harrison* (1989) 48 Cal.3d 321, 335.) "Section 654 does not allow any multiple punishment, including either concurrent or consecutive sentences. [Citation.]" (*People v. Deloza* (1998) 18 Cal.4th 585, 592.)

The applicability of section 654 here is a question of law because the facts are undisputed. Further, Woodward's vehicle theft, possession of a stolen vehicle and possession of burglary tools shared the common act of using one shaved key to operate the stolen Honda. However, that shaved key could also be used to steal other Hondas. Thus, it is clear from Woodward's possession of other shaved keys and other burglary tools that his possession of the shaved key found in the Honda's ignition was not merely incidental to possessing or operating that Honda. It is also clear from his possession of numerous burglary tools that Woodward's objective in possessing these tools, including

4

the shaved key found in the Honda's ignition, was to burglarize other vehicles as well as buildings. Therefore, since Woodward's objective in possessing the burglary tools transcended and was independent of his objective in driving and possessing the stolen Honda, imposition of a concurrent term on his possession of burglary tools conviction did not violate section 654.

### *The Other Errors*

Woodward contends that his abstract of judgment does not identify the authority for the $160 security fee the court imposed or memorialize the theft fee and air emergency fee the court imposed.[3] He requests that the matter be remanded to the trial court so that it may correct these errors. Respondent agrees that the abstract of judgment contains certain errors that require a remand to the trial court so that it may correct these errors.

> "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] The abstract of judgment form used here, Judicial Council form CR–290 [rev. July 1, 2012] provides a number of lines for 'other' financial obligations in addition to those delineated with statutory references on the preprinted form. If the abstract does not specify the amount of each fine, the Department of Corrections cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency. [Citation.] At a minimum, the inclusion of all fines and fees in the abstract may assist state and local agencies in their collection efforts. [Citation.] Thus, even where the Department of Corrections has no statutory obligation to collect a particular fee, such as the laboratory fee imposed under Health and Safety Code section 11372.5, the fee must be included in the abstract of judgment. [Citation.] As [one] court explained, 'Just as a "'[r]ose is a rose is a rose is a rose [ ]'"

---

[3] Although Woodward also contends that the abstract does not memorialize the conviction fee the court imposed, this contention ignores the notation in the abstract that the court imposed a "conviction assessment" of $120 pursuant to Government Code section 70373.

[citation], a fine is a fine is a fine is a fine and is part of the judgment which the abstract must "'digest or summarize.'" [Citations.]' [Citation.]

"'Courts may correct clerical errors at any time, and appellate courts ... that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts.' [Citation.]" (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

We agree with the parties that Woodward's abstract of judgment does not accurately reflect all the fines and fees the court imposed and the statutory authority for some of these fines and fees as noted above. Additionally, we note that although the court revoked probation in case No. 1432475, it did not impose a probation revocation fine and that the abstract of judgment erroneously indicates that Woodward was convicted of second degree burglary in that case and receiving stolen property in case No. 1441769 on March 8, 2013. It also appears that the court erred by not imposing a conviction fee or security fee for each of Woodward's convictions in case Nos. 1432475 and 1441769. Accordingly, we will remand the matter to the trial court so that it may correct, if necessary, the errors and apparent errors discussed above.

## DISPOSITION

The matter is remanded to the trial court so it may correct, if necessary, the errors and apparent errors discussed above, for it to issue an amended abstract of judgment that accurately reflects the fines and assessments imposed, including the statutory authority for them, and for it to forward a certified copy of the amended abstract of judgment to the appropriate authorities. In all other respects, the judgment is affirmed.