Filed 11/24/14  P. v. Lopez CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSEPH LOPEZ,<br><br>    Defendant and Appellant. | H039834<br>(Santa Clara County<br>Super. Ct. No. C1228547) |

### INTRODUCTION

A jury found defendant Joseph Lopez guilty of two counts of robbery (Pen. Code, §§ 211-212.5, subd. (c)[1]; counts 1 and 3) and dissuading a witness by force or threat (§ 136.1, subd. (c)(1), count 2), and found true the allegations that defendant had used a deadly or dangerous weapon (§ 12022, subd. (b)(1)).  Defendant was sentenced to 15 years 4 months in prison.  On appeal, defendant argues that the trial court should have stayed the sentence on his conviction for witness dissuasion pursuant to section 654, because it was indivisible from his robbery offense.  For the reasons stated below, we will affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

### A. Events Underlying Counts One and Two

On January 10, 2012, defendant and two women entered a Mi Pueblo market at 9:45 p.m. The individuals grabbed several items and then walked "really fast" out the store without paying for the items. The cashier alerted the security guard, Bryan De la Torre, that the individuals left without paying.

De la Torre followed the individuals out to their car. He asked one of the women for a receipt. She responded by pulling out several receipts and waving them in front of his face, but not allowing him to see them closely. The women started putting the grocery items in their car while defendant stood near the driver's side of the car. De la Torre tried taking the items out of the car and told them that he was going to call the police. Defendant approached De la Torre and pulled out a knife from his pocket. He held the knife pointed towards De la Torre's torso and thrusted it towards him. De la Torre responded by pulling out his pepper spray. While holding the knife, defendant told De la Torre "not [to] call the cops" and "not do anything about it, just go inside, or else he was going to come back." De la Torre stepped away from defendant and told him to leave. The women left in the vehicle, and defendant ran away. De la Torre ran back to the store and called the police.

### B. Events Underlying Count Three

On January 13, 2012, defendant and another man entered a different Mi Pueblo market at 2:47 p.m. Defendant grabbed several grocery items, placed them in a basket, and then walked out of the store without paying for the items. Alvaro Ventocilla, who was the security guard on duty, followed defendant to the parking lot. Ventocilla asked defendant for a receipt, but defendant kept walking. Defendant began loading the groceries in his car. Defendant then went to the front passenger seat, sat down, and pulled out a knife from the glove compartment. Defendant pointed the knife up towards

Ventocilla and said, "[t]his is my receipt." Ventocilla pulled out his pepper spray and stepped back. Defendant then drove away.

### C. The Charges, Jury Trial, Verdict, and Sentencing

On October 17, 2012, the district attorney filed an information charging defendant with two counts of second degree robbery (§§ 211-212.5, subd. (c)) and one count of dissuading or attempting to dissuade a witness (§ 136.1, subd. (c)(1)). As to each count, the district attorney also alleged that defendant committed the offenses with a deadly and dangerous weapon (§ 12022, subd. (b)(1)). The information further alleged that defendant had one prior serious felony conviction (§ 667, subd. (a)), a prior strike conviction (§§ 667, subds. (b)-(i) & 1170.12), and two prison priors (§ 667.5, subd. (b)).

On February 8, 2013, the jury found defendant guilty of all counts and found the allegations that he used a deadly and dangerous weapon to be true. Defendant waived jury trial on the allegations regarding his prior convictions and his prison priors, and the trial court found these allegations true.

On June 24, 2013, the trial court sentenced defendant to prison for a total of 15 years 4 months. For count 1, the court imposed the mid-term of three years (§§ 211-212.5, subd. (c)), doubled for the strike conviction (§§ 667, subds. (b)-(i) & 1170.12), plus one year for the weapon enhancement (§ 12022, subd. (b)(1)). The court imposed a concurrent three year term for count two (§ 136.1, subd. (c)(1)), doubled for the strike conviction (§§ 667, subds. (b)-(i) & 1170.12), plus a one year enhancement for the use of the weapon (§ 12022, subd. (b)(1)). The court explained that it was imposing a concurrent term for count two because it found "that this is part and parcel of the same threat and threat of force that was used to commit the offense in Count One. It is the same offense date, the same series of acts and conduct . . . ." For count three, the court imposed a mid-term of three years (§§ 211-212.5, subd. (c)), doubled for the strike conviction (§§ 667, subds. (b)-(i) & 1170.12), plus one year for the weapon enhancement (§ 12022, subd. (b)(1)) to run consecutively at one-third that amount (i.e., two years four

3

months).  Additionally, the court imposed a consecutive term of five years for the prior violent and serious felony conviction (§ 667, subd. (a)), and one year for the prison prior (§ 667, subd. (b)).  The court stayed the one-year enhancement for the second prison prior.

**DISCUSSION**

Defendant contends that the trial court erred in imposing separate concurrent terms for his convictions of robbery and dissuading a witness.  He argues that the court violated section 654 because his acts of drawing the knife and verbally threatening De la Torre were incident to the same objective—to complete the robbery.

Section 654 provides: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. . . ."  Section 654 prohibits multiple punishments where a single criminal act or omission violates more than one penal statute.  This statutory prohibition has been extended to cases in which the defendant engages in an indivisible course of conduct with a single objective, but violates several different penal statutes in the process.  (See *Neal v. State of California* (1960) 55 Cal.2d 11, 19 (*Neal*), overruled on another ground in *People v. Correa* (2012) 54 Cal.4th 331, 334.)  "If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once. [Citation.]  If, however, a defendant had several independent criminal objectives, he may be punished for each crime committed in pursuit of each objective, even though the crimes shared common acts or were parts of an otherwise indivisible course of conduct. [Citation.]" (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525 (*Perry*).)  In reviewing a claim that the court erred in failing to stay a sentence pursuant to section 654, the defendant's intent and objective presents a question of fact.  The trial court's determination will be reviewed under the deferential substantial evidence standard.  That is, the court's finding—express

4

or implied—will be sustained if there is substantial evidence to support it, whether or not the evidence would also support a contrary finding. (*Neal, supra,* at p. 17.)

For purposes of these rules, concurrent sentences constitute multiple punishment. (*In re Wright* (1967) 65 Cal.2d 650, 655; *People v. Deloza* (1998) 18 Cal.4th 585, 592.) A sentence imposing multiple punishments in violation of these principles is an act in excess of jurisdiction, which may be challenged on appeal despite a failure to object in the trial court. (3 Witkin, Cal. Criminal Law (4th ed. 2012) Punishment, § 248, p. 398.)

Defendant contends that his offenses were incident to the same objective. He points out that the robbery was not complete at the time he had threatened De la Torre because he had not reached a temporary place of safety. Although defendant is correct that a robbery may not be considered complete until the perpetrator reaches a temporary place of safety (*People v. Bigelow* (1984) 37 Cal.3d 731, 753-754), the test of a violation of section 654 is not whether the crime was complete. Rather, it is whether the perpetrator had separate intents and objectives. (See *People v. Nguyen* (1988) 204 Cal.App.3d 181, 193 ["If the trier of fact determines the crimes have different intents and motives, multiple punishments are appropriate. This is so notwithstanding that for purposes of the felony-murder rule the robbery is still considered to be ongoing."].) "The moment at which a defendant committed all of the elements of an offense is immaterial in applying Penal Code section 654." (*Perry, supra,* 154 Cal.App.4th at p. 1527.) Therefore, the fact that defendant had threatened De la Torre of future violent acts before the completion of the robbery is not dispositive of whether there was a section 654 violation.

Based on our review of the record, we conclude that substantial evidence supports the trial court's implied finding that defendant had multiple criminal objectives when he committed the crimes against De la Torre. When De la Torre attempted to stop the two women from loading their car with the groceries, defendant pulled out a knife and thrust it towards De la Torre. In addition to pulling out the knife, defendant also verbally

5

warned De la Torre "not to call the cops" "or else he was going to come back." "It is one thing to commit a criminal act in order to accomplish another; Penal Code section 654 applies there. But that section cannot, and should not, be stretched to cover gratuitous violence or other criminal acts far beyond those reasonably necessary to accomplish the original offense." (*People v. Nguyen, supra,* 204 Cal.App.3d 181, 191.) Here, defendant drew his knife with the intent to complete the robbery, and the additional verbal threats were beyond necessary to achieve this objective. Specifically, defendant's threat that he would return if De la Torre had called the police supports the conclusion that defendant committed his crimes not only with the intent to remain in possession of the stolen property and t o allow defendant to escape to a place of safety, but also with a separate intent to evade arrest and prosecution. (See *People v. Nichols* (1994) 29 Cal.App.4th 1651, 1657-1658.) We therefore conclude that substantial evidence supports a finding that defendant committed witness dissuasion with a separate objective, and thus there was no violation of section 654.

## DISPOSITION

The judgment is affirmed.

6

                                                _____

                                                                  RUSHING, P.J.

WE CONCUR:

_____
          ELIA, J.

_____
          MÁRQUEZ, J.