Filed 4/21/15  P. v. Witt CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAMES DARRYL WITT,<br><br>  Defendant and Appellant. | G049414<br><br>(Super. Ct. No. 05CF2664)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Thomas M. Goethals, Judge.  Affirmed as modified.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles Ragland, Scott C. Taylor, Meredith S. White, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

James Darryl Witt appeals from a judgment after he pleaded guilty to conspiracy to commit burglary and grand theft, second degree burglary, grand theft, petty theft with a prior, assault with a deadly weapon, and battery causing serious bodily injury, and admitted he inflicted great bodily injury and suffered two prior prison terms. Witt argues the trial court should have stayed the sentences on four of his convictions and struck the sentence on a dismissed conviction. The Attorney General agrees with all but one of Witt's contentions. We accept the Attorney General's concessions. We agree with all but one of Witt's claims and affirm the judgment as modified.

FACTS

Because Witt pleaded guilty, we take the facts from the preliminary hearing transcript. In March 2004, Kevin Okerstrom worked undercover as a loss prevention officer at Home Depot in Tustin. While in the store, Okerstrom saw Witt take two expensive faucets, place them in a shopping cart, and cover them with a rug. Okerstrom thought this was suspicious behavior and followed Witt. Witt gave the cart to another man, his accomplice, and they separated. Okerstrom followed the accomplice. The accomplice pushed the cart past the open cash registers and into the parking lot, where Okerstrom confronted him about the stolen merchandise.

Okerstrom escorted the accomplice back towards the store as he pushed the cart. The accomplice spun away from Okerstrom and fled. Okerstrom initially chased him but stopped pursuant to store policy. Okerstrom returned to the store and called the police. Okerstrom took the shopping cart to the returns department and secured it so he could inventory the merchandise later. Okerstrom looked for Witt. He found Witt leaving the store through the garden department and confronted him just outside the exit. A witness saw Witt arguing with Okerstrom and watched as Witt threw Okerstrom to the ground and pounded his head into cement blocks twice before running away.

When police arrived, they found Okerstrom lying on the ground bleeding profusely from his head. Okerstrom was transported to a hospital where he received

11 staples to close a 10-centimeter laceration to his head.  It was later determined the shopping cart contained two expensive faucets, two garbage disposals, an area rug, and two tool sets.  The total value of the stolen items was $1,499.28.

In May 2009, Witt entered a plea, pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*), and *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*), to the following: conspiracy to commit burglary and grand theft (Pen. Code, §§ 182, subd. (a)(1), 459, 460, subd. (b), 487, subd. (a); count 1; all further statutory references are to the Pen. Code); second degree burglary (§§ 459, 460, subd. (b); count 2); grand theft (§ 487, subd. (a); count 3); petty theft with a prior conviction (§§ 666, 484, subd. (a), 488; count 4); assault with a deadly weapon (§ 245, subd. (a)(1); count 5); and battery causing serious bodily injury (§ 243, subd. (d); count 6).  Witt admitted he inflicted great bodily injury as to count 5 (§ 12022.7, subd. (a)).  Witt also admitted he suffered two prior prison terms, one in 1986 and one in 1994.  Witt pleaded no contest pursuant to *West* in exchange for an agreed upon sentence of four years.  The trial court continued his sentencing to allow him to take care of some medical issues.  Witt understood the *Cruz* waiver meant the trial court could sentence him to more than four years in prison if he failed to appear at his sentencing hearing.

Witt failed to appear at his sentencing hearing.  A warrant was issued for his arrest, but he was not apprehended for almost four years.

In December 2013, the trial court sentenced Witt to the following: count 5-the upper term of four years—the court struck the sentence on the section 12022.7 enhancement; count 1-a concurrent term of two years; count 2-a concurrent term of two years; count 3-a concurrent term of two years; count 4-a concurrent term of two years; and count 6-a concurrent term of three years; 1994 prior prison term-a *consecutive* one-year term; and 1986 prior prison term-struck.  The trial court explained it deviated from the agreed upon four-year sentence and imposed five years because Witt absconded for almost four years.

3

In July 2014, Witt's appellate counsel filed a motion to strike the petty theft conviction in count 4 because it was a lesser included offense of the grand theft conviction in count 3. The same month, the trial court granted the motion and ordered the sentence on count 4 stayed pursuant to section 654.

DISCUSSION

Relying on section 654, Witt argues the trial court erred because it should have stayed the sentences on counts 1, 2, 3, and 6 rather than run them concurrent to count 5. He also argues the court should have struck his sentence on count 4 and not stayed it because the court dismissed that count. The Attorney General agrees with all Witt's contentions except with respect to count 1. We will discuss each contention below.

*Counts 1, 2, and 3*

Witt raises the following arguments: (1) he may not be punished for count 1, conspiracy to commit burglary and grand theft and the underlying offenses, count 2, second degree burglary, and count 3, grand theft; (2) he may not be punished for count 2, second degree burglary, and count 3, grand theft; and (3) he may not be punished on counts 1, 2, or 3, the theft related offenses, and count 5, assault with a deadly weapon. The Attorney General agrees with Witt's first two assertions but not his last. We agree with the Attorney General that Witt's first two claims have merit but not his third.

Section 654, subdivision (a), provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision . . . ." "[S]ection 654 prohibits punishment for two crimes arising from a single indivisible course of conduct. [Citation.] If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once. [Citation.] If, however, a defendant had several independent criminal objectives, he may

4

be punished for each crime committed in pursuit of each objective, even though the crimes shared common acts or were parts of an otherwise indivisible course of conduct. [Citation.] The defendant's intent and objective are factual questions for the trial court, and we will uphold its ruling on these matters if it is supported by substantial evidence. [Citation.]" (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525.)

A trial court violates section 654 when it sentences a defendant for the conspiracy to commit the crimes and for each of the crimes (*In re Cruz* (1966) 64 Cal.2d 178, 180-181), unless "the conspiracy has broader or different objectives from the specific substantive offenses" (*People v. Ramirez* (1987) 189 Cal.App.3d 603, 615-616). The Attorney General concedes the only objective of the conspiracy was the burglary and the grand theft, and thus Witt "may be punished for either the conspiracy or the underlying offenses, but not both."

Additionally, "section 654 has been held to preclude punishment for both burglary and theft where . . . the burglary is based on an entry with intent to commit that theft." (*People v. Alford* (2010) 180 Cal.App.4th 1463, 1468.) The Attorney General admits that when Witt entered the store his intent was to commit a theft, and thus he could not be punished for both burglary and theft. We accept the Attorney General's concessions and conclude Witt can be punished for only one of the three counts. Because counts 1, 2, and 3 all carry a two-year term, we accept the Attorney General's invitation to stay the sentences on counts 2 and 3.

*Count 5*

That leaves us with the issue of whether Witt could be punished for count 5, assault with a deadly weapon, and count 1, conspiracy to commit burglary and grand theft. The parties disagree on this issue.

*People v. Wynn* (2010) 184 Cal.App.4th 1210, is instructive. In *Wynn*, a loss prevention officer confronted defendant in the parking lot after he left the store without paying for cigarettes. (*Id*. at p. 1213.) Defendant threw the cigarettes on the

5

ground and claimed he had not taken anything. He took a nunchaku from his pants and assaulted the officer. (*Ibid*.) Defendant was convicted of, inter alia, burglary and assault. (*Id*. at p. 1214.) The *Wynn* court rejected defendant's claim the trial court erred in failing to stay the sentence on the burglary conviction, stating the evidence supported the trial court's finding defendant had "a different objective in committing the burglary than in committing the assault." (*Id*. at p. 1216.) The court explained, "during the assault [defendant] no longer had the objective to obtain possession of the cigarettes, as shown by the fact that [defendant] threw the carton of cigarettes on the ground before the assault and, according to eyewitness testimony, did not attempt to retrieve it." (*Ibid*.)

Like *Wynn*, Witt had a different objective in committing count 5 than he did in committing count 1. The evidence demonstrated Witt and his accomplice conspired to commit burglary and grand theft when they entered the store and stole the merchandise. The theft was complete when Witt's accomplice pushed the shopping cart outside the store. It was not until later, after Okerstrom failed to apprehend the accomplice and secured the merchandise, that he found Witt leaving Home Depot. When Witt assaulted Okerstrom, he did not have the merchandise; he was attempting to escape. This evidence supports the trial court's implied finding count 1 and count 5 were committed pursuant to distinct criminal objectives, and a concurrent sentence on count 1 was proper.

Witt's reliance on *People v. Wiley* (1994) 25 Cal.App.4th 159 (*Wiley*), and *People v. Green* (1979) 95 Cal.App.3d 991 (*Green*), is misplaced because in both cases defendants had only one objective—to obtain the victims' money. (*Wiley, supra,* 25 Cal.App.4th at pp. 162-163; *Green, supra,* 95 Cal.App.3d at p. 1008.) Here, Witt's objective was not to steal the merchandise, he had already passed it off to his accomplice. In assaulting Okerstrom, his objective was to escape.

*Count 6*

Witt contends the trial court erred in sentencing him to a concurrent two-year term on count 6 because it occurred during the same course of criminal conduct as count 5 and the term should be stayed. The Attorney General agrees. Section 654 prohibits multiple punishments when a single act violates multiple statutes. (*People v. Jones* (2012) 54 Cal.4th 350, 358.) The Attorney General concedes Witt's act of bashing Okerstrom's head into cement blocks constituted both count 5, assault with a deadly weapon (§ 245, subd. (a)(1)), and count 6, battery causing serious bodily injury (§ 243, subd. (d); citing *People v. Sloan* (2007) 42 Cal.4th 110, 115 [implicitly approving stay of sentences on §§ 245, subd. (a)(1) & 243, subd. (d), where defendant sentenced of § 273.5, subd. (e)(1)].) We accept the Attorney General's concession and order the two-year sentence on count 6 stayed.

*Count 4*

Witt argues the trial court erred in staying and not striking the sentence on count 4 after the trial court granted his posttrial motion to dismiss count 4 as a lesser included offense of count 3. The Attorney General agrees.

"[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)

Posttrial, Witt moved to dismiss count 4 because it was a lesser included offense of count 3. Witt also requested the trial court strike the sentence. The trial court granted Witt's motion and dismissed count 4, but the court stayed the sentence. That was error as the court could not impose and stay a sentence on a count the court dismissed. We must strike the two-year concurrent sentence on count 4.

## DISPOSITION

We modify Witt's sentence as follows:  (1) The two-year concurrent sentences on counts 2 and 3, and the three-year concurrent sentence on count 6 are stayed pursuant to section 654; and (2) the two-year concurrent sentence on count 4 is struck.

The clerk of the superior court is directed to prepare an amended abstract of judgment reflecting the modified sentence and to forward a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation, Division of Adult Operations.  As modified, the judgment is affirmed.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.