Filed 9/30/21  P. v. Palacios CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059229 |
| v. | (Super. Ct. No. 18CF2471) |
| MIGUEL ANGEL ROSAS PALACIOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Maria D. Hernandez, Judge.  Affirmed as modified.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, and Julie L. Garland, Assistant Attorney General, Michael Pulos and Teressa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Miguel Angel Rosas Palacios of one count of first degree residential burglary of an inhabited dwelling (Pen. Code, §§ 459, 460, subd. (a); count 1),[1] one count of assault with a deadly weapon (§ 245, subd. (a)(1); count 2), one count of domestic battery with corporal injury (§ 273.5, subd. (a); count 3), and one count of vandalism (§ 594, subd. (a); count 4). The jury found defendant guilty of all counts and allegations.

The court sentenced defendant to five years in state prison as follows: (1) the midterm of four years on count 1, plus one year for the knife use enhancement; (2) a concurrent term of three years on count 2; (3) a concurrent term of three years on count 3; and (4) 365 days with credit for time served on count 4.

Defendant raises two issues on appeal. First, he contends his defense counsel rendered ineffective assistance of counsel by failing to object to the prosecutor's misstatement of law during closing argument. Second, he argues the court erred by failing to stay his sentence on count 2 pursuant to section 654. He claims the burglary and assault were committed during an indivisible course of conduct with the single intent and objective of assaulting the victim. For the reasons below, defendant's ineffective assistance of counsel claim fails because he cannot demonstrate prejudice. But we agree the court erred by imposing concurrent sentences on counts 1 and 2. The judgment accordingly is modified to stay sentencing on count 2. In all other respects, the judgment is affirmed.

## FACTS

At the time of the incident, defendant and D.N., the victim, had been dating for about four months. Around 2 a.m., on August 29, 2018, D.N. heard someone trying to break into her apartment where she was asleep with her two daughters. She asked if it

---

[1] All further statutory references are to the Penal Code.

was defendant, who said, "Yes, open the door." After she opened the door, she noticed defendant was angry. They went outside where defendant "aggressively grabbed" her and accused her of cheating on him. He also grabbed her wrist and face, leaving an abrasion on her cheek. While pulling her hair, he demanded she tell him the truth and eventually punched her in the chest. D.N. suspected defendant was intoxicated.

D.N. then ran to get help from her neighbor. She knocked loudly on his door and shouted for him to come out. When the neighbor opened the door, he noticed D.N. looked terrified. She told him to call the police and that defendant tried to choke her. Although the neighbor attempted to talk to defendant, defendant did not acknowledge him. Instead, defendant stared at D.N. and demanded to know the truth. D.N. offered to let defendant look at her phone, but he took the phone and slammed it on the ground. For about two hours, the neighbor talked to defendant to convince him to leave. He eventually left, and surveillance video captured him kicking and breaking the taillight of D.N.'s car on his way out. D.N. and the neighbor continued to talk outside for about 20 minutes.

When D.N. went back to her apartment, she had a feeling defendant would return, so she used her oldest daughter's cell phone to call the police from the bathroom. D.N.'s daughter then saw defendant enter the apartment through a window. She observed him go to the kitchen, grab something, and enter the bathroom where D.N. was calling the police. D.N. had just gotten off the phone with the 911 operator when defendant entered the bathroom, grabbed her hand, and pointed a butter knife at her neck. She recognized the knife as one of the knives from her kitchen. At some point, D.N.'s oldest daughter opened the bathroom door. D.N then grabbed the knife, which broke into two pieces.

Meanwhile, the neighbor arrived at D.N.'s apartment after hearing her daughters screaming. Defendant left shortly after and claimed he had come back to get his bag. When police responded to the scene, an officer found defendant lying under a

3

bench in the porch area of a nearby residence. Another officer noticed a small abrasion on the left side of D.N.'s cheek or mouth area, observed damage to the taillight of D.N.'s car, and found a piece of the broken knife in D.N.'s bathroom.

DISCUSSION

*Defendant has not established ineffective assistance of counsel.*

Defendant contends he received ineffective assistance of counsel because his counsel did not object when the prosecutor allegedly misstated the law during closing argument. He relies on the prosecutor's comments that the jury could move on to the lesser offenses only if it found defendant was not guilty of the greater offenses. Relying on *People v. Kurtzman* (1988) 46 Cal.3d 322, defendant argues the "acquittal-first rule may not preclude the jury from considering or discussing the lesser offenses before returning a verdict on the greater offense." Even assuming the prosecutor misstated the law, we find no prejudicial error.

A. Relevant Background and the Prosecutor's Closing Argument

During closing argument, the prosecutor made the following statements to which defendant's counsel did not object: "If you find the defendant is guilty of burglary, that's it. You stop and move onto the enhancements . . . . [¶] If you are undecided, I would ask you to keep deliberating until you reach a verdict on the burglary charge. If you find the defendant not guilty of the burglary—again I'm not asking you to find him not guilty. I believe the evidence supports the burglary, but this is—I'm explaining this because typically it can get a little confusing to go through all the verdict forms and kind of understand the process and the steps it takes to analyze everything. [¶] *If you happen to find the defendant not guilty, then you move on to the lesser included*

4

*offenses*, and for burglary there's one lesser included offense and that's an attempted first degree residential burglary, an attempted." (Italics added.)

The prosecutor continued: "You can't find the defendant guilty of the greater and the lesser offense. *You can only move on to the lesser offense if you find the defendant not guilty of the greater offense.* [¶] *Even if you are undecided about the greater offense, you still can't move on to the lesser offense, which is why I'm asking you to keep deliberating. It is only if you find him not guilty of the greater that you can move on to the lesser.* [¶] So, same thing for count 2, which is assault with a deadly weapon . . . . If you find him guilty, you stop and that's it. . . . If you find him not guilty, you move on to the lesser included offense of a simple assault . . . ." (Italics added.)

Finally, the prosecutor stated: "If you find him guilty of [domestic battery], your job is done, just stop . . . . If you are undecided, I would ask you to keep deliberating. *If you find him not guilty, then you move on to the lesser included offenses.*" (Italics added.) "*But, again, that is if you find the defendant not guilty of the greater charge*, which is domestic battery resulting in injury." (Italics added.)


B. Any Error Was Harmless

The benchmark for evaluating a claim of ineffective assistance is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." (*Strickland v. Washington* (1984) 466 U.S. 668, 686.) A defendant alleging ineffective assistance of counsel must meet a two-pronged test: (1) defendant must show counsel's performance was deficient; and (2) defendant must show he was prejudiced by the deficient performance. (*Id.* at p. 687.) "[W]hen considering a claim of ineffective assistance of counsel, 'a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to

5

dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.'" (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.)

Here, even assuming the prosecutor misstated the law, defendant has not suffered any prejudice from defense counsel's inaction. The court's instructions clearly informed the jurors that if they believed counsel's "comments on the law conflict[ed] with [the court's] instructions," the jury "must follow [the court's] instructions." (CALCRIM No. 200.) The court subsequently instructed the jury with CALCRIM No. 3517 about how to deliberate on the greater and lesser included offenses. The court instructed in relevant part: "*It is up to you to decide the order in which you will consider each crime and the relevant evidence*, but I can accept a verdict of guilty of a lesser crime only if you have found the defendant not guilty of the corresponding greater crime." (Italics added.) "When argument runs counter to instructions given a jury, we will ordinarily conclude that the jury followed the latter and disregarded the former, for '[w]e presume that jurors treat the court's instructions as a statement of the law by a judge, and the prosecutor's comments as words spoken by an advocate in an attempt to persuade.'" (*People v. Osband* (1996) 13 Cal.4th 622, 717.) Although defendant claims CALCRIM No. 3517 "is arguably ambiguous as to what it meant exactly by 'each crime,'" "[w]e must . . . assume that the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given." (*People v. Kegler* (1987) 197 Cal.App.3d 72, 80.) The court's instructions accordingly cured any prosecutorial misconduct.

*The court erred by failing to stay defendant's sentence for assault with a deadly weapon.*

Defendant next contends the court erred by failing to stay the sentence on count 2 pursuant to section 654. According to defendant, count 1 (residential burglary of an inhabited dwelling) and count 2 (assault with a deadly weapon) "were committed pursuant to an indivisible course of conduct with the single objective of assaulting" D.N.

6

The People concede "this case does not fit neatly within the multiple-victim exception to section 654" and do not object to staying defendant's concurrent sentence for the assault conviction.

A.  Relevant Background and Applicable Law

As discussed *ante*, the court sentenced defendant to the midterm of four years for the burglary, plus one year for the knife use enhancement, and a concurrent term of three years for the assault with a deadly weapon.  The court found there were no "654 issues here because these are all separate acts in each of the separate four counts and they would stand on their own; however, the court has run the sentence concurrently because of the overall circumstances that we have and the time proximity and the court doesn't believe that consecutive terms are necessary under these circumstances."

Section 654, subdivision (a) provides in part:  "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."  The statute therefore "prohibits punishment for two crimes arising from a single indivisible course of conduct.  [Citation.]  If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once." (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525.)  Whether a course of conduct is indivisible depends upon the perpetrator's intent and objective.  (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

"The question whether section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination.  Its findings on this question must be upheld on appeal if there is any substantial evidence to support them." (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.)

7

B. Analysis

The crime of burglary has two elements: (1) unlawful entry into a house or other specified structure; (2) with the intent to commit a felony therein. (§ 459.) "When a defendant is convicted of burglary and the intended felony underlying the burglary, section 654 [generally] prohibits punishment for both crimes." (*People v. Islas* (2012) 210 Cal.App.4th 116, 130; see *People v. Hester* (2000) 22 Cal.4th 290, 294 [finding the sentence for assault should have been stayed where "[t]he admitted charging allegations stated the burglarious entry was perpetrated with the intent to commit the felony assault"]; *People v. Radil* (1977) 76 Cal.App.3d 702, 713 [holding "it was improper to sentence [the defendant] for both assault and burglary where the entry for purposes of assault constituted the requisite act for burglary"].)

Under the multiple victim exception, section 654 does not bar multiple punishments "where the defendant's single objective during an indivisible course of conduct results in crimes of violence against multiple victims." (*People v. Cardenas* (2015) 239 Cal.App.4th 220, 230.) "To preclude application of section 654, however, each of the crimes must have involved at least one different victim." (*Ibid.*)

Here, the assault was an indivisible part of the burglary because defendant entered D.N.'s apartment to attack her. As the prosecutor noted in closing argument, "[T]he first thing [defendant] does when he enters through the window is he grabs the knife from the kitchenette and goes straight in the bathroom and the first thing he does when he gets into the bathroom is he corners [D.N.], and the first thing he does when he corners her is he attacks her with the knife." The prosecutor emphasized defendant did not "meander" over to the bathroom and "put hands on her to assault her with a knife" as an afterthought. Instead, defendant came back "to finish what he had started." Because the burglary was the means of perpetuating the assault, the criminal acts were indivisible and incident to defendant's objective of attacking D.N. The People also concede the multiple victim exception does not apply because D.N. was the victim of both offenses

8

and the burglary and assault were not violent crimes for section 654 purposes. For the forgoing reasons, the sentence on count 2 should have been stayed pursuant to section 654.

DISPOSITION

The judgment is modified to stay execution of the sentence on count 2. The clerk of the court is directed to prepare an amended abstract of judgment reflecting the above modification and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

MARKS, J.*

WE CONCUR:

O'LEARY, P. J.

MOORE, J.

*Judge of the Orange Super. Ct., assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9