Filed 3/9/22  P. v. Samuels CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSH RANDALL SAMUELS,<br><br>    Defendant and Appellant. | G059706<br><br>(Super. Ct. No. 16NF2512)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge.  Affirmed in part and remanded with directions.

Suzanne Antley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Josh Randall Samuels pleaded guilty to one count of unlawful taking or driving of a vehicle with a prior conviction (Pen. Code, § 666.5, subd. (a); Veh. Code, § 10851, subd. (a); count 1)[1], one count of theft from an elder (Pen. Code, § 368, subd. (d)(1); count 3), and one count of driving without a valid license (Veh. Code, § 12500, subd.(a); count 4).[2] Defendant also admitted he had two prior strike convictions (Pen. Code, §§ 667, subds. (d), (e)(2)(A); 1170.12, subds. (b), (c)(2)(A)).

The court dismissed defendant's prior strike convictions and placed defendant on probation for three years. The court subsequently held a contested probation hearing and found defendant had violated his probation by failing to report. The court accordingly revoked defendant's probation, sentenced defendant to the upper term of four years in state prison on count 3 and a concurrent term of two years on count 1, and suspended sentence on count 4.

Defendant raises three arguments on appeal. First, he contends the court abused its discretion by revoking his probation because the evidence did not show he violated the terms of his probation. Second, relying on Proposition 47, he claims the court erred by imposing a felony sentence on count 1. Finally, relying on section 654, he claims the court erred by imposing separate sentences on counts 1 and 3 because the record does not show his convictions were based on different conduct. For the reasons below, we remand for the court to consider and clarify whether and how section 654 applies to counts 1 and 3. We otherwise disagree with defendant's remaining contentions and affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise provided.

[2] The court dismissed the charge of receiving stolen property on count 2 (Pen. Code, § 496d, subd. (a)).

2

FACTS

In 2016, defendant pleaded guilty to the unlawful taking or driving of a vehicle with a prior conviction (Pen. Code, § 666.5, subd. (a); Veh. Code, § 10851, subd. (a)), theft from an elder (Pen. Code, § 368, subd. (d)(1)), and driving without a valid license (Veh. Code, § 12500, subd.(a)).  On September 21, 2016, the court placed defendant on formal probation for three years.  At the sentencing hearing, the court stated defendant was required to report to probation within 72 hours of release from custody.

In February 2019, the probation officer reported defendant had been released from custody on January 30, 2019,  and was in violation of his probation by failing to report to probation within 72 hours of release from custody.  The report stated: "On February 5, 2019, the clerk [of the court] provided [defendant] with a Notice to Report for Supervision [sic] on February 7, 2019, he failed to report on that date.  He is documented as transient.  Attempts to make telephone contact on February 7, 2019, failed.  On February 15, [2019], further attempts to contact the probationer via telephone failed.  On the same date, telephone contact was made with his brother, whom stated that he had not had any contact with the probationer since the beginning of February and that he did not know how to contact him or of his whereabouts."  On February 21, 2019, the court revoked probation and issued a warrant for defendant's arrest.

On October 7, 2020, the court held a contested probation hearing.  Carmen Grunewald, a deputy probation officer, testified she was the supervising officer for defendant, but she never met defendant or had contact with him.  Instead, a resident probation officer called Grunewald on February 5, 2020 and informed her defendant "was there and that she was giving him a report date of [February 7, 2020]."  Grunewald noted the adult justice system indicated defendant was released from custody on January 30, 2019, but she "believe[d]" the resident probation officer said defendant had been released on February 4, 2020.  Based on the reporter's transcript, it appears Grunewald

3

read from her notes during part of this testimony. Defendant's counsel accordingly objected, and the court sustained the objection.

The prosecutor then asked, "Just going from your memory . . . Early February . . . you were informed that the probationer had been ordered to report to you on February 7th?" Grunewald responded, "Yes." She also testified defendant did not report to her on February 7 or any time after. Defendant likewise did not contact Grunewald by phone or written correspondence.

Defendant also testified at the hearing. According to his testimony, he called the Orangewood probation office the day after he was released from custody in February 2019. He spoke to a woman named Ms. Taylor who instructed him to let her know where he was staying every night because he was homeless. He accordingly called every day for about two-and-a-half or three weeks to let her know where he was staying. He left a message on her answering machine each time but never spoke to her on the phone. On cross-examination, defendant admitted he had not physically reported to the probation department since February 2019 and instead made phone calls, which he also stopped doing by late February 2019.

After hearing the testimony, the court found a willful violation based on defendant's failure to report. The court stated, "Even by [defendant's] own testimony, he stopped reporting, if he reported at all, in February of 2019." The court accordingly revoked defendant's probation, sentenced defendant to the upper term of four years in state prison on count 3 and a concurrent term of two years on count 1, and suspended sentence on count 4.

DISCUSSION

Defendant contends insufficient evidence supported the court's finding that defendant violated the terms and conditions of his probation. He also argues the court erred by imposing a felony sentence on count 1 and requests we remand to the court with

4

instructions to reduce the sentence to a misdemeanor. Finally, relying on section 654, he claims the court erred by imposing separate sentences on counts 1 and 3. For the reasons below, we remand for the court to consider and clarify whether and how section 654 applies to counts 1 and 3. We otherwise disagree with defendant's remaining contentions.

*Substantial Evidence Supports the Court's Probation Revocation Ruling*

"[T]he court may revoke and terminate the supervision of the person if the interests of justice so require and the court, in its judgment, has reason to believe . . . the person has violated any of the conditions of their supervision . . . ." (§ 1203.2, subd. (a).) The trial court has broad discretion in deciding whether to revoke probation. (*People v. Sims* (2021) 59 Cal.App.5th 943, 959; see *People v. Rodriguez* (1990) 51 Cal.3d 437, 443.) Before probation may be revoked, a probation violation must be established by a preponderance of the evidence (*People v. Rodriguez, supra*, at p. 447) and the trial court's factual findings are reviewed for substantial evidence (*People v. Urke* (2011) 197 Cal.App.4th 766, 773).

Here, substantial evidence supports the court's probation revocation ruling. The record reflects the court ordered defendant to report to the probation department within 72 hours of his release from custody. Grunewald testified she was informed defendant had been ordered to report to her on February 7, 2020, but he never reported to her on February 7 or any time after. Given this evidence, the court did not abuse its discretion by finding defendant had violated his probation.

Defendant argues Grunewald's testimony was largely based on reading inadmissible file notes. Although the record suggests Grunewald initially read from her notes, the court sustained defense counsel's objection and allowed Grunewald to later testify from her memory. She then testified defendant had been ordered to report to her on February 7, 2020, which he never did.

Despite Grunewald's testimony that defendant had been ordered to report to her, defendant argues there was no evidence he had to report to a specific person or for a given period of time. He accordingly claims "the court could not have validly concluded . . . [defendant] was ever given any instruction other than to report on February 7." Relying on his own testimony, he suggests he "did everything . . . he was instructed to do" because he called and left a message for Ms. Taylor every day for a few weeks. Even assuming defendant's testimony directly conflicted with Grunewald's testimony, we must resolve all conflicting evidence in favor of the decision and are in no position to question the court's credibility determination. (*People v. Kurey* (2001) 88 Cal.App.4th 840, 848-849.) The court accordingly did not abuse its discretion.

*The Court Did Not Err by Imposing a Felony Sentence on Count 1*

Relying on Proposition 47, defendant contends the court abused its discretion by imposing a felony sentence on count 1. He notes a violation of Vehicle Code section 10851 is a felony only if there was theft of a vehicle worth more than $950 or post-theft driving. He argues neither fact was admitted or proved so the matter should be remanded to the court with instructions to reduce the sentence to a misdemeanor. The court did not err.

A. Applicable Law

Vehicle Code section 10851, subdivision (a) provides in pertinent part, "Any person who drives or takes a vehicle not his or her own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle, whether with or without intent to steal the vehicle . . . is guilty of a public offense . . . ." A violation of Vehicle Code section 10851 is punishable in the court's discretion as either a felony or a misdemeanor. (Veh. Code, § 10851, subd. (a).) Effective November 2014, Proposition 47 reduced

6

certain felonies or wobblers to misdemeanors for qualified defendants. As relevant here, Proposition 47 added Penal Code sections 490.2 and 1170.18.

Section 490.2, subdivision (a) provides that "obtaining any property by theft where the value of the . . . property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ." (§ 490.2, subd. (a).) Section 1170.18 creates a process allowing defendants previously convicted of felonies, which might be misdemeanors under Proposition 47, to petition for resentencing.

In *People v. Page* (2017) 3 Cal.5th 1175 (*Page*), our Supreme Court addressed the relationship between Penal Code section 490.2 and Vehicle Code section 10851. The court explained, "Proposition 47 makes some, though not all, [Vehicle Code] section 10851 defendants eligible for resentencing . . . ." (*Page, supra,* at p. 1184.) The court also noted there are "theft and nontheft forms of the Vehicle Code section 10851 offense . . . ." (*Id.* at p. 1183.) The court concluded a Vehicle Code section 10851 conviction may be reduced to a misdemeanor "if the vehicle was worth $950 or less and the sentence was imposed for theft of the vehicle." (*Page, supra*, at p. 1187.) A conviction based on post-theft driving of the vehicle can still be punished as a felony without regard to the value of the vehicle. (*People v. Lara* (2019) 6 Cal.5th 1128, 1137.)

B. The Court Did Not Err

Here, defendant claims he could not have been sentenced as a felon under Vehicle Code section 10851 because it was never proven the vehicle's value was at least $950 or he drove the vehicle post-theft. But defendant pleaded guilty to count 1, which was charged as a felony, after Proposition 47 came into effect. *Page* also was not decided until 2017 — after defendant's guilty plea. In other words, the law was unsettled as to how Proposition 47 applied to Vehicle Code section 10851 at the time of defendant's guilty plea and the sentencing hearing. As a result, there is no reason to

7

believe defendant did not admit to a felony violation of Vehicle Code section 10851 or that the court erred by sentencing him as a felon. Based on our record, it also appears defendant never sought resentencing or otherwise sought to reduce his felony conviction to a misdemeanor at any point after *Page*. (Pen. Code, § 1170.18, subd. (a) [permitting eligible defendants serving felony sentences to retroactively obtain relief by petitioning for recall of sentence and requesting resentencing].) We accordingly cannot find the court committed any sentencing error at the time sentence was imposed. Our decision is without prejudice to defendant's filing of a future petition establishing his eligibility for relief. (Pen. Code, § 1170.18, subd. (j) [allowing a petition to be filed on or before November 4, 2022 or a later date upon showing of good cause].)

*The Record Is Ambiguous as to Whether the Court Made a Section 654 Finding*

Finally, defendant argues the court erred by imposing separate sentences on counts 1 and 3 because it is not clear his convictions were based on different conduct. He accordingly requests we remand to the court with instructions to stay the sentence imposed for the lesser offense. The People concede the "current record does not support the trial court's imposition of separate sentences on counts 1 and 3." But the People argue additional development of the record may support the court's separate sentences. The People accordingly argue we should remand so the court "may make those determinations and decide whether to stay sentence on one of [the] theft convictions." Because the record is unclear as to whether the court made a section 654 finding, we remand for the court to consider and clarify whether and how section 654 applies to counts 1 and 3.

As discussed *ante*, the court sentenced defendant to the upper term of four years in state prison on count 3 and a concurrent term of two years on count 1. Section 654, subdivision (a) provides in part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but

8

in no case shall the act or omission be punished under more than one provision." The statute therefore "prohibits punishment for two crimes arising from a single indivisible course of conduct. [Citation.] If all of the crimes were merely incidental to, or were the means of accomplishing or facilitating one objective, a defendant may be punished only once." (*People v. Perry* (2007) 154 Cal.App.4th 1521, 1525.) Whether a course of conduct is indivisible depends upon the perpetrator's intent and objective. (*People v. Rodriguez* (2009) 47 Cal.4th 501, 507.)

"The question whether section 654 is factually applicable to a given series of offenses is for the trial court, and the law gives the trial court broad latitude in making this determination. Its findings on this question must be upheld on appeal if there is any substantial evidence to support them." (*People v. Hutchins* (2001) 90 Cal.App.4th 1308, 1312.) If the court makes no express section 654 finding, a finding that the crimes were divisible and subject to multiple punishments is implicit and will be upheld if supported by substantial evidence. (*People v. Lopez* (2011) 198 Cal.App.4th 698, 717.)

Here, the record does not disclose whether the conduct giving rise to counts 1 and 3 was different. Indeed, nothing in the record sheds light on whether the court made an implied finding that section 654 did not apply. Under California Rules of Court, rule 4.424, a trial court "must determine whether the proscription in section 654 against multiple punishments for the same act or omission requires a stay of execution of the sentence imposed on some of the counts" "[b]efore determining whether to impose either concurrent or consecutive sentences on all counts on which the defendant was convicted." Given the ambiguous record, we cannot say substantial evidence supports whether the court made an implied finding that section 654 did not apply. We accordingly remand for the court to consider and clarify whether and how section 654 applies to counts 1 and 3.

## DISPOSITION

The matter is remanded to the court with directions to consider the applicability of section 654 to counts 1 and 3 and whether section 654 requires a stay of the sentence on the lesser offense. In all other respects, the judgment is affirmed.


MARKS, J.*

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.