[Crim. No. 10805. Third Dist. July 13, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME RAY McGAHUEY, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Martin M. Spiegel, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PERLUSS, J.***—This is an appeal by Jaime Ray McGahuey (defendant) arising from his conviction and sentence for first degree murder, rape, assault with a deadly weapon and first degree burglary. Defendant pled guilty to all counts. In addition, defendant admitted a prior conviction of grand theft.

On December 5, 1979, the trial court sentenced defendant as follows: For count I, murder in the first degree, defendant was sentenced to the term prescribed by law, 25 years to life (Pen. Code, § 190), plus 2 one-year enhancements for his prior felony conviction (Pen. Code, § 667.5) and for use of a dangerous weapon. (Pen. Code, § 12022, subd. (b).)[1] For count II, rape, defendant received two years, i.e., one-third of the middle term. (Pen. Code, § 264.) Count III, assault, resulted in one year, which was also one-third of the middle term. (Pen. Code, § 245, subd. (a).) For count IV, burglary, defendant received one and one-third years, again one-third of the middle term. (Pen. Code, § 461.) These sentences were ordered to run consecutively. In summary, the trial court ordered defendant to serve consecutive sentences under the determinate sentencing law, using the life sentence[2] as the principal term and the remaining shorter sentences as subordinate terms. Thus, defendant was to serve four and one-third years consecutive to his life sentence.

After defendant was committed to state prison, the Department of Corrections requested his sentence be modified so that the indeterminate sentence of 27 years to life would not be used as the principal term to compute his consecutive sentence. The Department of Corrections re-

---

*Assigned by the Chairperson of the Judicial Council.

[1] Resulting in an indeterminate sentence of 27 years to life.

[2] Under the determinate sentencing law a life sentence remains indeterminate. (Pen. Code, § 190; *In re Jeanice D.* (1980) 28 Cal.3d 210, 211 [168 Cal.Rptr. 455, 617 P.2d 1087].)

quested that the principal term be designated from one of the determinate counts.[3] A hearing was held to consider this request and the trial court, apparently believing the department was merely complaining about a clerical error, refused to modify the sentence.

A month later the Attorney General raised the same contention and requested defendant be resentenced. Another hearing was held April 8, 1980. The trial court refused to resentence defendant at that time, but on April 17 filed an amended judgment-commitment and an amended abstract of judgment-commitment. These amended documents purported to resentence defendant so that his sentence for rape rather than murder was used as the principal term. The trial court imposed eight years (the upper term) for rape; the remaining sentences were left unchanged. Defendant's total determinate term now became 10⅓ years to be served consecutive to his life sentence.

## I

■ Defendant appeals his sentence for both assault with a deadly weapon and first degree burglary, contending the two crimes were part of one indivisible transaction for which multiple punishment is prohibited.

The facts are these. In the early morning hours of April 22, 1979, Joan Eisenberg was asleep in her bed and was suddenly awakened by blood running from a laceration on her head. She arose and noticed her back door open; a leather cover, which had been on a hatchet stored on the back porch, was lying on the floor but the hatchet was missing. She locked the door and went into the living room to telephone the police. As she began to dial, defendant threw the hatchet through a closed window in her direction, narrowly missing her. Eisenberg later discovered that the sum of $40, which had been in her wallet in the bedroom, was missing.

---

[3]The department's request was by letter, which read in pertinent part as follows: "On advice of Departmental Counsel, we are referring Mr. McGahuey's case back to you for review. It is the Department's understanding that the determinate counts are to be considered separately, and a principal term designated on the determinate Abstract of Judgment. [¶] We are holding Mr. McGahuey's case until a response is received from your court, determining what modifications are required. At that time we will be able to correctly record Mr. McGahuey's term and sentence. [¶] You consideration of our request is appreciated."

Defendant contends there is no evidence to indicate his assault on Eisenberg was motivated for any purpose other than to successfully complete his burglary and avoid apprehension by the police. Relying upon *People v. Niles* (1964) 227 Cal.App.2d 749 [39 Cal.Rptr. 11], defendant argues his sentence for assault should be stayed. *Niles* held punishment for both burglary and assault was prohibited where the assault was incidental to the defendant's "single" objective to burglarize his victim's home and avoid apprehension by the law. The court held the defendant's activities constituted an indivisible course of conduct. (*Id.* at p. 755.)

Penal Code section 654 bars multiple punishment for any act or ommission which is punishable under more than one provision. It is applicable where a single criminal intent and objective underlies a course of criminal conduct (*In re Hayes* (1969) 70 Cal.2d 604, 605-606 [75 Cal.Rptr. 790, 451 P.2d 430]; *People v. Braun* (1973) 29 Cal.App. 3d 949, 974-975 [106 Cal.Rptr. 56]), that is, where the course of criminal conduct is an indivisible one. (*People v. Beamon* (1973) 8 Cal.3d 625, 637 [105 Cal.Rptr. 681].) Proximity in time does not alone preclude punishment for more than one offense. (*In re Hayes, supra*, 70 Cal.2d at p. 609.)

Viewed in its totality, defendant's crimes upon Eisenberg were not incident to a single intent and objective. When defendant left Eisenberg's house, his burglary was complete. He then formed the intent to prevent Eisenberg from calling the police by throwing the hatchet through the window at her. Intent to commit assault was formed *after* commission of the burglary. (See *People v. Braun, supra*, 29 Cal.App.3d at p. 975.)

Furthermore, we refuse to accept defendant's apparent argument that a crime necessarily includes every act required for a successful getaway. *People v. Niles, supra*, 227 Cal.App.2d 749, appears to accept that contention, but *People v. Hooker* (1967) 254 Cal.App.2d 878 [62 Cal. Rptr. 675], decided by the same court three years later, expressly does not: "We decline to accept the defendant's argument that commission of any crime implies a successful getaway and that hence only one punishment can be imposed for anything that occurs, coming and going, in the course of a criminal caper." (*Id.*, at pp. 880-881.) Under the *Hooker* rationale, defendant entertained two separate objectives: first to commit a burglary and second to prevent a report of his crime. No indivisible course of conduct comprised both the burglary and the assault.

The fact there was one victim common to both crimes does not alone create a single course of conduct.[4]

## II

■ Defendant next challenges the trial court's attempted modification of his sentence. He contends, and the People agree, that the April 17 amended abstract of judgment-commitment must be stricken.

The parties are correct. To be effective, a sentence must be pronounced orally on the record and in defendant's presence. (Pen. Code, § 1193; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 13 [109 Cal.Rptr. 627].) Any later attempt to modify the sentence in writing is invalid. (*In re Candelario* (1970) 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729].) The only exception is where the error sought to be corrected is a clerical one (*ibid.*); pronouncement of sentence is, however, a judicial act. (*People* v. *Wilshire Ins. Co.* (1977) 67 Cal.App.3d 521, 532 [136 Cal.Rptr. 693]; *People* v. *Hartsell, supra,* 34 Cal.App.3d at p. 13.)

In this case the procedure followed was erroneous. Instead of pronouncing a new sentence at the April 8 hearing, the trial court read aloud the transcript of the December 5 sentencing hearing. Apparently believing a clerical error had been committed in the abstract of judgment-commitment, the court asked the assistant district attorney to review an amended abstract the court clerks would prepare. That amended abstract reflected a sentence substantially different from the sentence imposed on December 5.[5] The original abstract correctly reflected the December 5 sentence, however. The error was thus not merely clerical and defendant's sentence could not be amended without oral pronouncement of sentence.

## III

■ Defendant further challenges his "amended" sentence as being incorrectly computed under Penal Code section 1170.1, subdivision (a). Because we have already determined the amended abstract of judg-

---

[4]See *People* v. *Braun, supra,* 29 Cal.App.3d at page 975, which upheld punishment for both kidnap and rape of the same victim.

[5]The amended abstract undertook to increase defendant's sentence by six years.

ment-commitment to be ineffective, we need not address this issue but will do so for use by the trial court upon remand.

The trial court properly computed defendant's amended sentence using Penal Code section 1170.1, subdivision (a), and California Rules of Court, rule 451(a).

Rule 451(a) provides: "When a defendant is sentenced under section 1170 and the sentence is to run consecutively to a sentence imposed under section 1168 in the same or another proceeding, the judgment shall specify the determinate term imposed under section 1170 computed without reference to the indeterminate sentence . . . ." Article VI, section 6, of the California Constitution authorizes the Judicial Council to "adopt rules for court administration, practice and procedure, *not inconsistent with statute*, and perform other functions prescribed by statute." (Italics added.)

Defendant contends, however, that rule 451(a) is in conflict with the statute and that the indeterminate sentence of 27 years to life should be used as the principal term to compute his aggregate sentence under Penal Code section 1170.1, subdivision (a).

Life sentences are imposed pursuant to section 1168, subdivision (b), of the Penal Code which prohibits the sentencing court from fixing the actual term or duration of the period of imprisonment. Other sentences (i.e., determinate sentences) are imposed pursuant to section 1170 of the Penal Code. Section 669 of the Penal Code provides that when a person is convicted of two or more crimes, the second or subsequent judgment shall direct whether any of the terms of imprisonment shall run concurrently or consecutively. It also provides that a consecutive life sentence shall be served subsequent to a determinate term of imprisonment.

Section 1170.1, subdivision (a), of the Penal Code provides for sentencing for multiple convictions which will aggregate the sum of the principal term (i.e., the greatest determinate sentence) plus one-third of the middle term imposed by law for each remaining conviction.

It is of great significance that the wording of section 1170.1, subdivision (a), specifically limits its application to consecutive terms imposed under "Sections *669 and 1170.*" (Italics added.) Thus, it must follow

that section 1170.1, subdivision (a), cannot apply to consecutive terms imposed under sections 669 *and 1168*, the case here.

Rule 451(a), accordingly, is not in conflict with section 1170.1, subdivision (a), which by its terms is limited to determinate sentences, and the rule properly provides guidance for sentencing for multiple convictions imposed pursuant to sections 1168 and 1170 of the Penal Code.[6]

The sentence attempted to be imposed by the April 17 amended abstract of judgment-commitment was proper. Imposition of punishment for both the burglary (count IV) and assault (count II) was proper. The judgment is affirmed. However, since the trial court did not orally pronounce modification in the defendant's presence, the cause is remanded for further proceedings in conformance with this opinion.

Paras, Acting P. J., and Blease, J., concurred.

A petition for a rehearing was denied July 27, 1981, and appellant's petition for a hearing by the Supreme Court was denied September 10, 1981.

---

[6]Two recent cases arriving at the same conclusion are *People* v. *Grimble* (1981) 116 Cal.App.3d 678, 685, footnote 3 [172 Cal.Rptr. 362], and *People* v. *Day* (1981) 117 Cal.App.3d 932 [173 Cal.Rptr. 9].