Filed 3/28/14  P. v. Loretz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Plumas)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C071563 |
| v. | (Super. Ct. No. CRF10002641) |
| REBECCA VICTORIA LORETZ, | |
| Defendant and Appellant. | |

A jury convicted defendant Rebecca Victoria Loretz of first degree burglary, receiving stolen property, and filing a false police report.  The trial court sentenced her to two years in prison and ordered her to pay victim restitution.  The trial court did not orally pronounce a restitution fine or a parole revocation fine at sentencing, but later issued a minute order modifying the sentence to add those fines.

On appeal, defendant contends (1) the restitution and parole revocation fines must be stricken because the trial court did not include them in its oral pronouncement of

1

sentence; and (2) the trial court should have ordered her former codefendant husband to be jointly and severally liable for victim restitution.

We will strike the restitution fine and parole revocation fine because the trial court did not orally pronounce them in defendant's presence. As for defendant's husband, the trial court could not order him to be jointly and severally liable for victim restitution because the husband is not a defendant in this case.

We will affirm the judgment as modified.

BACKGROUND

Given defendant's contentions on appeal, we need not discuss the underlying crimes in detail. This case arises from the burglary of her father's home in 2009, and the burglary of another man's home in 2010. Defendant and her husband were initially charged together, but the husband's case was subsequently separated from defendant's case. The husband pleaded no contest to first degree burglary and the trial court sentenced him to two years in prison. Defendant is the only person charged in the amended information for this case.

The jury convicted defendant of two counts of first degree burglary (Pen. Code, § 459),[1] two counts of receiving stolen property (§ 496, subd. (a)), and one count of filing a false police report, a misdemeanor (§ 148.5). The trial court sentenced defendant to two years in state prison and ordered her to pay $11,000 in victim restitution. A subsequent minute order modified the sentence to include a $200 restitution fine (§ 1202.4, subd. (b)(1)) and a $200 parole revocation fine (§ 1202.45).

---

[1] Undesignated statutory references are to the Penal Code.

2

## DISCUSSION

## I

Defendant contends the restitution fine and parole revocation fine must be stricken because the trial court did not include them in its oral pronouncement of sentence. The Attorney General agrees.

"To be effective, a sentence must be pronounced orally on the record and in defendant's presence. [Citations.] Any later attempt to modify the sentence in writing is invalid." (*People v. McGahuey* (1981) 121 Cal.App.3d 524, 530.) Fines are part of the sentence and must be orally pronounced in open court. (*People v. Hong* (1998) 64 Cal.App.4th 1071, 1080.) Although there are exceptions for clerical errors (*People v. McGahuey, supra,* 121 Cal.App.3d at p. 530) and mandatory fines (*People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157), the section 1202.4 restitution fine is "mandatory unless the sentencing court, in the words of the statute, 'finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.' [Citation.]" (*People v. Tillman* (2000) 22 Cal.4th 300, 302.) It is therefore "a discretionary sentencing choice." (*Id*. at p. 303.) Accordingly, this court has held that the trial court cannot subsequently add a restitution fine to the judgment without defendant present. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.)

Regarding the section 1202.45 parole revocation fine, it is only mandatory if the restitution fine is imposed. (*People v. Smith* (2001) 24 Cal.4th 849, 853.) On this record, the trial court could not add the restitution fine or the parole revocation fine in the minute order.

We will strike both fines.

3

## II

Defendant next contends the trial court should have ordered her former codefendant husband to be jointly and severally liable for victim restitution.[2]

Defendant relies on *People v. Blackburn* (1999) 72 Cal.App.4th 1520 (*Blackburn*). That case involved two defendants, one who shot and killed two teenage boys, and another who encouraged the shooting and drove the getaway vehicle. (*Id*. at p. 1524.) The trial court ordered both defendants to pay victim restitution. (*Id.* at p. 1533.) On appeal, the defendants claimed, among other things, that the orders requiring each of the defendants to pay direct victim restitution in the same amounts constituted unjust enrichment of the victim. (*Id.* at p. 1535.) The Court of Appeal ruled that the trial court could order both defendants to pay restitution jointly and severally, and undoubtedly intended to do so in that case. (*Ibid*.) The Court of Appeal modified the judgment "so as to provide expressly that the direct victim restitution ordered is joint and several." (*Ibid*.)

Here, defendant argues that, as in *Blackburn*, two people committed the crimes in this case, and thus *Blackburn* required the trial court to impose victim restitution jointly and severally to prevent the unjust enrichment of the victim. But unlike in *Blackburn*, defendant's husband is no longer a defendant in this case. He was sentenced in another case. The trial court could not impose restitution on the husband without giving him a hearing. (§ 1202.4, subd. (f)(1); *People v. Cain* (2000) 82 Cal.App.4th 81, 86.) Moreover, there is no evidence in the record that victim restitution was imposed on defendant's husband in his separate case, and hence no evidence that the victim would be unjustly enriched.

---

[2] The parties discuss whether defendant forfeited her contention because her trial counsel failed to object to the restitution order, and whether her trial counsel was ineffective for failing to object. To expedite the ultimate resolution, we will assume for purposes of argument that the contention is not forfeited and we will resolve the matter on the merits.

Accordingly, defendant's contention lacks merit.

DISPOSITION

The judgment is modified to strike the $200 restitution fine (§ 1202.4, subd. (b)(1)) and the $200 parole revocation fine (§ 1202.45).  The judgment is affirmed as modified.

                                                                                    MAURO              , J.

We concur:

                    RAYE                 , P. J.

                    DUARTE            , J.