Filed 5/7/14  P. v. Spears CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

THE PEOPLE,

    Plaintiff and Respondent,

       v.

ANTHONY PAUL SPEARS,

    Defendant and Appellant.

F066551

(Super. Ct. No. F12904234)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan M. Skiles, Judge.

Linda Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Poochigian, Acting P.J., Detjen, J. and Franson, J.

Defendant Anthony Paul Spears pled no contest to carjacking (Pen. Code, § 215, subd. (a); count 1) and participation in a criminal street gang (Pen. Code, § 186.22, subd. (a), a misdemeanor; count 2) in exchange for dismissal of a third count and a stipulated prison sentence of nine years. The trial court sentenced him to the upper term of nine years on count 1, but failed to pronounce sentence on count 2. A corrected minute order for the same hearing was produced, and it included a 180-day jail sentence for count 2. Defendant's sole claim on appeal is that the case must be remanded for pronouncement of sentence on count 2.

The People concede and we agree. "To be effective, a sentence must be pronounced orally on the record and in defendant's presence. [Citations.] Any later attempt to modify the sentence in writing is invalid. [Citation.] The only exception is where the error sought to be corrected is a clerical one [citation]; pronouncement of sentence is, however, a judicial act. [Citations.]" (*People v. McGahuey* (1981) 121 Cal.App.3d 524, 530.)

## DISPOSITION

The sentence is vacated and the matter remanded to the trial court. The trial court shall orally pronounce sentence on both counts, and the clerk of the superior court shall amend the minute order and abstract of judgment and forward them to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.