Filed 6/8/23  P. v. Propker CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>JONATHAN PROPKER,<br><br>　　　Defendant and Appellant. | B321191<br><br>(Los Angeles County<br>Super. Ct. No. MA047962-01) |

APPEAL from an order of the Superior Court of Los Angeles County.  Daviann L. Mitchell, Judge.  Reversed and Remanded.

Christopher C. Hawthorne, Marisa Harris and Jessica Sanborn, Juvenile Innocence & Fair Sentencing Clinic, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan S. Pithey, Assistant Attorney General, David E. Madeo and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

# INTRODUCTION

In 2011, a jury convicted 15-year-old Jonathan Propker of murdering a rival gang member. The trial court then sentenced Propker to life imprisonment without the possibility of parole in violation of Penal Code section 190.5. Propker appealed. In 2013, we agreed with Propker that his life without parole sentence was illegal and modified it to 25 years to life. After the remittitur was issued, the trial court did not modify Propker's sentence for nearly a decade. Prior to the superior court's resentencing hearing in 2022, Propker requested that the superior court transfer his case to juvenile court because he was entitled to retroactive application of Proposition 57, a new law that eliminates automatic transfer of juveniles to adult court. The superior court refused and instead resentenced Propker to 25 years to life per our decision in 2013.

We hold that because Propker's sentence is nonfinal, he is entitled to retroactive application of Proposition 57. Propker's sentence is nonfinal for two independent reasons. First, when he made his request to transfer his case to juvenile court, he was still serving an unauthorized life without parole sentence that could be remedied on direct review. Second, even after the superior court resentenced him, his sentence remained nonfinal and subject to our review. Accordingly, we reverse the superior court's order denying Propker's request to transfer his case to juvenile court.

2

## BACKGROUND

### A. Propker's Convictions, Sentence, and Initial Appeal

On November 1, 2011, a jury convicted Propker of murdering rival gang member E.H. during a botched drug sale.[1] Propker was 15 years old at the time of the incident. The jurors further found that Propker committed the murder during an attempted robbery and convicted him of two counts of attempted robbery of juveniles E.H. and D.H. As to all crimes, jurors found the gang enhancement to be true (Pen. Code,[2] § 186.22, subd. (b)(1)(C)) and that Propker personally discharged a firearm causing death to E.H. within the meaning of section 12022.53, subdivision (d), and also found subdivisions (b) and (c) of that statute applicable. The court imposed and stayed the section 12022.53, subdivisions (b) and (c) enhancements. The court then sentenced Propker to life imprisonment without the possibility of parole for the murder. For each attempted robbery, the court sentenced Propker to a total term of 38 years to life, which included the high term of 3 years on the substantive offense, 10 years for the gang enhancement, and 25 years to life for the personal use and discharge of a firearm causing death. The court ordered that Propker serve one attempted robbery sentence concurrently and the other sentence consecutively.

In a previous appeal, Propker argued that his life without parole sentence was illegal under section 190.5, which provides that no child under the age of 16 can be sentenced to life without

---

[1]    The specific factual details of the crimes are set forth in *People v. Propker* (May 14, 2013, B240210) [nonpub. opn.]).

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

3

parole for murder, regardless of whether they were tried in adult or juvenile court. Propker also contended that he could not be sentenced for both attempted robbery and felony murder for the same victim (E.H.) under section 654. Lastly, he argued that the firearm enhancements were erroneous.

We issued our opinion on May 14, 2013. We held that Propker's life without parole sentence was illegal and that his sentence for attempted robbery of E.H. must be stayed. In our disposition, we ordered, "The judgment is modified to (1) stay the sentence on the attempted robbery of E.H. and (2) reduce the sentence of life without the possibility of parole to 25 years to life. As modified, the judgment is affirmed."

On June 14, 2013, Propker filed a petition for review with the California Supreme Court. The Supreme Court denied the petition on July 17, 2013. The remittitur was issued on July 24, 2013.

## B.     Propker Continued to Serve an Illegal Life Without Parole Sentence

For close to a decade, the trial court did not modify Propker's sentence after the remittitur was issued in 2013. Thereafter, on March 17, 2022, Propker filed a pro se request for a *People v. Franklin* (2016) 63 Cal.4th 261 *(Franklin)* hearing. This is an evidentiary proceeding that allows persons convicted of committing a crime when they were under the age of 26 to introduce mitigation evidence related to their youth. At that point, the superior court noticed that Propker was serving an illegal life without parole sentence for nearly a decade. The judge that noted the error was not the same judge that received the remittitur in 2013. The superior court stated that there was "no evidence that this order was ever carried out and there does not

4

appear to be any evidence of any resentencing of defendant. This Court, will therefore, resentence the defendant at the next hearing consistent with the remittitur." On March 28, 2022, the trial court issued an order "granting *Franklin* hearing and resentencing per remittitur."

On May 18, 2022, Propker requested that the superior court transfer his case to juvenile court because he was entitled to retroactive application of Proposition 57, a new law that eliminates automatic transfer of juveniles to adult court. Prior to the hearing, the superior court asked for briefing on two issues to determine whether Propker's new sentence was a final judgment: (1) whether the trial court proceeding was a resentencing or modification of a sentence; and (2) whether the superior court had discretion in resentencing Propker.

Propker set forth in his briefing that his sentence was not final because he was still serving an illegal life without parole sentence and the trial court never corrected the sentence even though the Court of Appeal modified the judgment. Propker asserted that whether the pending proceeding was a resentencing or modification of a sentence had no impact given that Propker was still serving an illegal, and therefore, nonfinal sentence. The People opposed the motion, arguing that because we modified the sentence to 25 years to life in 2013, the trial court did not have sentencing discretion on remand and therefore the judgment became final as modified.

At the June 14, 2022 hearing, the superior court denied Propker's request to transfer his case to juvenile court. The superior court stated that it was only using "resentencing" as a "term of art" and that our disposition in Propker's prior appeal

only stated that the judgment is modified. As such, the superior court's "only job is to carry out that modification."

The superior court then sentenced Propker to "25 to life per the appellate court order." As the People point out, the superior court incorrectly imposed the section 654 stay on count 4 instead of count 5. The superior court then stated that it "simply modified the judgment as ordered by the appellate court." Propker's amended abstract of judgment also incorrectly reflects 807 total credits for time served. This number is the same in the abstract of judgment from his initial sentencing hearing on March 22, 2012.

Propker timely appealed the superior court's order denying his request to transfer his case to juvenile court.

## DISCUSSION

### A. Proposition 57 and Senate Bill No. 1391 Apply Retroactively to All Nonfinal Judgments

In 2016, California voters approved Proposition 57, which "requires prosecutors to commence all cases involving a minor in juvenile court." (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 87 (*O.G.*).) As such, Proposition 57 "prohibits prosecutors from charging juveniles with crimes directly in adult court." (*People v. Superior Court of Riverside County* (2018) 4 Cal.5th 299, 303 (*Lara*).) Although the measure required charges against minors to be filed in juvenile court, it still granted prosecutors some discretion to seek transfers to adult criminal court for 14- and 15-year-old defendants who were accused of specified serious or violent offenses. (*O.G.*, at p. 89 [citing former Welf. & Inst. Code, § 707, subd. (a)(1), as amended by Prop. 57, § 4.2].) Under Proposition 57, " '[c]ertain categories of minors . . . can still be tried in [adult court], but only after a juvenile court judge

6

conducts a transfer hearing to consider various factors.' " (*Lara*, at p. 305.) In 2018, the Legislature enacted Senate Bill No. 1391 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1012, § 1), which amended Proposition 57 by eliminating the authority of prosecutors to seek transfer to criminal court of a minor who was 14 or 15 years old at the time of the offense, "save for a narrow exception if the minor is 'not apprehended prior to the end of juvenile court jurisdiction.' (Welf. & Inst. Code, § 707, subd. (a)(2).)" (*People v. Superior Court (Alexander C.)* (2019) 34 Cal.App.5th 994, 998.)

"Section 3 of the Penal Code instructs that no part of that code applies retroactively, which we have taken to mean that new criminal laws do not govern prosecutions initiated before the law went into effect. [Citation.] But we have recognized an exception to this rule for new laws that mitigate punishment [in *Estrada*]." (*People v. Padilla* (2022) 13 Cal.5th 152, 160 (*Padilla*), citing *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*).) Our Supreme Court held that to determine retroactivity in criminal law " 'in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not.' " (*Lara, supra*, 4 Cal.5th at p. 308.)

Our Supreme Court concluded that "[t]he possibility of being treated as a juvenile in juvenile court—where rehabilitation is the goal—rather than being tried and sentenced as an adult can result in dramatically different and more lenient treatment. Therefore, Proposition 57 reduces the possible punishment for a class of persons, namely juveniles. For this reason, *Estrada*'s inference of retroactivity applies. As nothing in

7

Proposition 57's text or ballot materials rebuts this inference, we conclude this part of Proposition 57 applies to all juveniles charged directly in adult court whose judgment was not final at the time it was enacted." (*Lara*, *supra*, 4 Cal.5th at pp. 303–304.)

"Senate Bill No. 1391 effectively broadens the ameliorative benefit of Proposition 57 to 14 and 15 year olds by prohibiting prosecuting attorneys from moving to transfer individuals who commit certain offenses when they were 14 or 15 years old to adult court, unless they were 'not apprehended prior to the end of juvenile court jurisdiction.' (Welf. & Inst. Code, § 707, subd. (a)(2).) Such ameliorative changes to criminal law are entitled to broad application." (*People v. Hwang* (2021) 60 Cal.App.5th 358, 365, review dism., request for remand den. as moot July 27, 2022.)

Finality occurs for purposes of the *Estrada* rule " ' "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed." ' " (*Padilla*, *supra*,13 Cal.5th at p. 162.) More recently, our Supreme Court expounded upon Proposition 57's retroactivity to nonfinal judgments and held that it "applies during resentencing when a criminal court sentence imposed on a juvenile offender before the initiative's passage has since been vacated." (*Padilla*, at p. 158.) The Court observed that because the defendant's conviction was vacated after a habeas petition and the trial court regained jurisdiction to resentence him, his sentence remained nonfinal because the parties could appeal imposition of the new sentence. Thus, a criminal case is considered final "when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no longer provide a remedy to a defendant on *direct review*.' " (*Id.* at p. 161, italics added.)

**B.    The Trial Court's Failure to Pronounce Propker's Sentence Resulted in an Unauthorized Sentence That Is Reviewable**

First, Propker's sentence was nonfinal at the time he made his request to transfer his case to juvenile court because he was still serving an illegal life without parole sentence.  As such, it was an unauthorized sentence subject to our correction.

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9 (*Karaman*).)  "When a judgment other than death has been pronounced, and the judgment is for incarceration in a state prison, execution of the judgment does not occur until the commitment document [i.e., the abstract of judgment] is transferred to the proper officer and the defendant is delivered into that officer's custody." (*People v. Nubla* (1999) 74 Cal.App.4th 719, 727, rehg. den. Sept. 24, 1999; *Karaman*, at pp. 344–345.)  If a sentence is modified, it must be done orally in open court and with the presence of defendant and counsel; a modification of the sentence by written order is not sufficient. (*People v. McGahuey* (1981) 121 Cal.App.3d 524, 530.)

We have found reversible error in circumstances where a trial court failed to pronounce a legal sentence. (*People v. Price* (1986) 184 Cal.App.3d 1405, 1411–1412.)  Specifically, we have held that failure to pronounce an enhancement as to even one count "produced an *unauthorized sentence*" (*id.* at p. 1412, italics added) that "[could] be rectified on remand." (*Id.* at p. 1411; see also *People v. Benton* (1979) 100 Cal.App.3d 92, 102 [trial court's failure to either state that it was striking the enhancement or to impose it was "analogous to a failure to pronounce sentence on all

9

counts, which is the type of unauthorized sentence that can be corrected by remand on the defendant's appeal"].)

Here, the trial court failed to pronounce Propker's sentence in 2013 after his initial appeal. Moreover, the trial court did not modify the abstract of judgment even though the abstract acts as the order committing the defendant to prison (§ 1213, subd. (a)), and is " 'the process and authority for carrying the judgment and sentence into effect.' " (*In re Black* (1967) 66 Cal.2d 881, 890.) Consequently, Propker was serving an illegal sentence since 2013.

"A claim that a sentence is *unauthorized* . . . may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court." (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6, italics added.) Propker's illegal sentence was therefore subject to our correction at any time.

Because Propker was 15 years old at the time of his crimes, he is entitled to the ameliorative benefits of Senate Bill No. 1391. (See *People v. Keel* (2022) 84 Cal.App.5th 546, 564 [holding that because defendant was 15 years old when he committed his crime, he is precluded from transfer to adult court on remand].) At the time, Propker made his request for a transfer to juvenile court—which was prior to the lower court's resentencing hearing—Propker was still serving an illegal life without parole sentence. As such, Propker continued to serve a nonfinal and unauthorized sentence that remained reviewable on appeal and subject to correction on direct review. (See *Lara, supra*, 4 Cal.5th at p. 303.) Thus, the trial court erred in failing to grant Propker's motion to transfer to juvenile court, and this Court can remedy that error.

**C.  Propker's Modified Sentence Is Still Reviewable for Error**

Propker prevails on appeal for a second, independent reason as his modified sentence from June 14, 2022 remained nonfinal and reviewable on appeal.

After a trial court modifies a sentence upon remand from the Court of Appeal, we have authority to review the modified sentence for any purported errors.  In addition to the requirements outlined above, a lower court must comply with various legal requirements when carrying a sentence into effect on remand from the Court of Appeal's modification order.  "[W]hen a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody."  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  The court must then calculate conduct credits for the period before the original sentencing hearing.  (*Id.* at p. 30.)  Thus, when a defendant is resentenced, all actual time spent in custody must be credited against the modified sentence and reflected in the amended abstract of judgment.  (*Id.* at pp. 37, 41.)

"[T]he trial court [commits reversible error when it does] not update defendant's credits for actual time served between the original sentencing hearing and the resentencing hearing."  (*People v. Sek* (2022) 74 Cal.App.5th 657, 673 (*Sek*); *People v. Walker* (2022) 86 Cal.App.5th 386, 400–401 [reversing the judgment "to the extent it failed to reflect the proper custody credits earned by defendant" and directed the trial court "to

11

calculate the appropriate credits"], review granted March 22, 2023, S278309.) An incorrect award of custody credits is an unauthorized sentence that we may correct on appeal. (*People v. Taylor* (2004) 119 Cal.App.4th 628, 647 [sentence failing "to award legally mandated custody credits is unauthorized and may be corrected whenever discovered"].) Accordingly, when a trial court regains jurisdiction to implement a judgment from the Court of Appeal, any errors in carrying forward that judgment are reviewable on appeal.

The Attorney General relies on *People v. Lopez* (2019) 42 Cal.App.5th 337 (*Lopez*) for the misplaced proposition that a court of appeal's modification becomes final on appeal because the trial court cannot exercise full discretion in resentencing. But *Lopez* does not hold that a sentence is final when the court of appeal orders a modification to a sentence. (See *id.* at p. 342.) In fact, the Court of Appeal in *Lopez* directed the trial court to prepare an abstract of judgment reflecting the modifications and his resulting total prison sentence of 10 years 8 months. (*Id.* at pp. 342–43.) As set forth above, the trial court's implementation of that order is plainly reviewable on appeal. Otherwise, a defendant would have no remedy for the trial court's errors when modifying a sentence. Thus, the fact that a lower court does not always regain full sentencing discretion does not bar our ability to correct the trial court's errors in carrying the judgment into effect.

While not the subject of this appeal, we note that the trial court did commit errors when it modified Propker's sentence. First, Propker's amended abstract of judgment incorrectly reflects 807 total credits for time served. This number is the same in the abstract of judgment from his initial sentencing hearing on

12

March 22, 2012.  As such, the lower court failed to calculate and update Propker's time served.  (See *Sek, supra,* 74 Cal.App.5th at p. 673.)  Second, we also noted above that the Attorney General concedes that the superior court committed error by imposing the section 654 stay on count 4 instead of count 5, in direct contravention of the Court of Appeal's modification order.  (See *People v. Hester* (2000) 22 Cal.4th 290, 295 ["a court acts in excess of its jurisdiction . . . when it fails to stay execution of a sentence under [Pen. Code] section 654"].)  Accepting the Attorney General's argument that a modified sentence is final would therefore mean a defendant would have no remedy for these types of errors.

Even after the superior court resentenced Propker, he is entitled to the ameliorative benefits of Proposition 57 and Senate Bill No. 1391.  Because we can provide a remedy on direct review for any purported errors to a modified sentence, Propker's sentence is still nonfinal after the June 14, 2022 resentencing hearing.  (See *Lara, supra,* 4 Cal.5th at p. 303; *Padilla, supra,* 13 Cal.5th at p. 161; *In re Pine* (1977) 66 Cal.App.3d 593, 595 ["The finality of a judgment [occurs at the] point at which the courts can no longer provide a remedy on direct review"].)  Thus, Propker is entitled to have his case transferred to juvenile court.

## DISPOSITION

We remand to the lower court with directions to transfer this matter to the juvenile court for juvenile adjudication consistent with this opinion.


VIRAMONTES, J.


We Concur:


GRIMES, Acting P. J.


WILEY, J.