Filed 9/20/24  P. v. Fabisch CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TAYLOR ROLAND FABISCH,<br><br>        Defendant and Appellant. | A169099<br><br>(Lake County<br> Super. Ct. Nos. CR954367 &<br> CR963223) |

The trial court committed errors in sentencing defendant Taylor Roland Fabisch.  After Fabisch filed a notice of appeal, the court issued an order purporting to correct the sentencing errors, and it subsequently filed corrected minutes and an amended abstract of judgment.  Fabisch contends the court's order constituted a resentencing without him present and, therefore, we must vacate his sentence and remand for a full resentencing.  Additionally, he contends the award of presentence credits must be corrected.  We disagree with Fabisch's first contention but agree with his second.  Therefore, we remand for the trial court to recalculate presentence credits.

## I.  BACKGROUND

In June 2019, Fabisch was charged in case No. CR954367 (case 954367) with assault by means of force likely to produce great bodily injury (Pen.

1

Code, § 245, subd. (a)(4))[1], battery (§ 243, subd. (d)), and mayhem (§ 203), all with a special allegation of great bodily injury (§ 12022.7, subd. (a)). In November 2019, Fabisch pleaded guilty to the assault charge and admitted the great bodily injury allegation, and the two other charges were dismissed. Subsequently, the trial court granted Fabisch's motion to withdraw his plea and reinstated the dismissed charges.

In May 2021, Fabisch pleaded no contest to the assault charge in exchange for a two-year probation term and jail time with credit for time served. The balance of the information was dismissed. In June 2021, the trial court sentenced Fabisch to 33 days in jail, with 33 days of credits, but suspended execution of the jail sentence and placed Fabisch on probation for two years.

In December 2021, the People petitioned to revoke probation, alleging Fabisch failed to report and had committed a new offense. In January 2022, Fabisch admitted his probation violation and the trial court reinstated and modified his probation, imposing a jail term of 53 days, with 53 days of credits. In August 2022, the People petitioned to revoke probation for a second time, alleging Fabisch had committed new offenses as charged in case No. CR963223 (case 963223). In October 2022, Fabisch admitted his probation violation.

In September 2022, Fabisch was charged in case 963223 with burglary (§ 459), grand theft (§ 487, subd. (a)), and fraudulent use of access cards (§ 484g). In October 2022, Fabisch pleaded no contest to the burglary charge with an agreement that his sentence would run concurrent to his sentence in case 954367, and the balance of the information was dismissed.

---

[1] Undesignated statutory references are to the Penal Code.

On October 16, 2023, the trial court held a sentencing hearing in both cases.  In case 954367, the court revoked probation and sentenced Fabisch to prison on the assault conviction for the middle term of three years.  It imposed an additional three-year term for the great bodily injury enhancement (§ 12022.7, subd. (a)), which the court stated Fabisch had "admitted in his plea."  In case 963223, the court denied probation and sentenced Fabisch to prison on the burglary conviction for eight months (one-third the middle term), to be served consecutive to the term imposed in case 954367.  In total, the court imposed a prison term of six years and eight months, designating the term in case 954367 as the principal term.  In case 954367, the court awarded 181 days of actual credits and 27 days of conduct credits, at a 15 percent limitation due to the great bodily injury enhancement, for a total of 208 days.

In recording the judgment, the trial court's minutes from the sentencing hearing stated that the three-year term in case 954367 was ordered doubled due to being found a violent felony.  As to presentence credits, the minutes stated conduct credits were awarded under section 2933.1, but they also stated it was a one-third time conduct credit case.  The abstract of judgment reflected 181 days of actual credits and 27 days of conduct credits awarded pursuant to section 2933.1, for a total of 208 days.

Fabisch filed a timely notice of appeal on October 25, 2023.

After the appeal was filed, on November 7, 2023, the trial court issued an order explaining that the minute order from October 16, 2023 "states that the Court ordered a 6-year sentence on Count 1 in case CR954367, calculated as the middle term of the three years doubled due to it being a violent felony. That is not what the Court ordered.  The Court imposed the middle term of

3

the three years enhanced by three years for the personal infliction of great bodily injury ([§ 12022.7]). [¶] A further review of the Court's records indicate that the enhancement under [§ 12022.7] should not have been imposed. Defendant admitted that enhancement at the time of his original plea" in November 2019, but that plea was withdrawn in June 2020. In May 2021, "Defendant entered a new plea without the great bodily injury enhancement. [¶] Therefore, the Minute Order and the Abstract of Judgment are Ordered amended to show a sentence of three years on case number CR954367 and eight months consecutive on case number CR963223, for a total sentence of three years and eight months."

On December 5, 2023, the trial court filed corrected minutes for the October 2023 sentencing hearing and filed an amended abstract of judgment, both of which reflected a total sentence of three years and eight months. The additional three-year term for the great bodily injury enhancement was removed. The corrected minutes did not amend presentence credits. They stated that 27 days of conduct credits were awarded pursuant to section 2933.1, and they also stated it was a one-third time conduct credit case, awarding total credits of 208 days. The amended abstract of judgment also did not amend presentence credits, except that it identified the 27 days of conduct credits being awarded pursuant to section 4019, not section 2933.1

## II. DISCUSSION

The parties agree the trial court erred in sentencing Fabisch in October 2023. First, the court imposed a three-year great bodily injury enhancement (§ 12022.7, subd. (a)), which Fabisch had not admitted. Second, the court limited the award of presentence conduct credits based on its erroneous belief that Fabisch had admitted the great bodily injury enhancement. Fabisch contends the court did not have the power to issue its

4

November 2023 order purporting to correct the unauthorized sentence. Instead, he argues we must vacate his sentence and remand for resentencing. If a full resentencing is not ordered, Fabisch contends the award of presentence credits must be corrected.

## A. *Great Bodily Injury Enhancement*

The parties agree the three-year term imposed for the great bodily injury enhancement (§ 12022.7, subd. (a)) was unauthorized. Fabisch admitted the great bodily injury allegation in November 2019, but he later withdrew that plea and did not admit the allegation when he pleaded no contest to the assault charge in May 2021. The great bodily injury allegation was dismissed when the trial court accepted Fabisch's May 2021 plea. The parties disagree, however, on the proper remedy. Fabisch contends the trial court did not have the authority to correct the sentence by nunc pro tunc order and, in issuing the order, he argues the court improperly conducted a resentencing without a hearing and without him present. Therefore, he asserts, the matter must be remanded for resentencing. The People argue the court had authority to correct a clerical error to reflect the true facts.[2]

A trial court may correct a clerical error at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; *In re Candelario* (1970) 3 Cal.3d 702, 705 (*Candelario*).) Judicial error, however, cannot be corrected by amendment.

---

[2] The People also contend that the issue of the unauthorized three-year term for the great bodily injury enhancement is moot because the trial court already corrected the sentence and any ruling on this appeal would have no practical effect. The issue is not moot. Fabisch does not seek to have the enhancement term corrected. Instead, he requests a full resentencing hearing. Were we to agree with him, there would be effective relief this court could provide. (See *People v. Delong* (2002) 101 Cal.App.4th 482, 486 [subsequent acts or events moot an appeal where a reversal would be without practical effect].)

(*Candelario*, at p. 705.) "The distinction between clerical error and judicial error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted." (*Ibid*.) "An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion." (*Ibid*.) "An order made nunc pro tunc should correct clerical error by placing on the record what was actually decided by the court but was incorrectly recorded. It may not be used as a vehicle to review an order for legal or judicial error by 'correcting' the order in order to enter a new one." (*Hamilton v. Laine* (1997) 57 Cal.App.4th 885, 891.) Additionally, an unauthorized sentence may be corrected at any time. (*People v. Scott* (1994) 9 Cal.4th 331, 354 [a sentence is unauthorized "where it could not lawfully be imposed under any circumstance in the particular case"].)

We agree that the error here is not a scrivener's error, that is, an error in recording the trial court's oral pronouncement of the sentence. The trial court did in fact impose the three-year term for the great bodily injury enhancement. We conclude, however, that the court had the power to correct the unauthorized sentence by writing. The court did not exercise discretion in imposing the three-year enhancement term. If Fabisch had been convicted for great bodily injury, the court would be required to impose an additional three-year prison term. (§ 12022.7, subd. (a); see *Candelario*, *supra*, 3 Cal.3d at p. 705 [amendment which substantially modifies the original judgment "may not be made . . . unless the record clearly demonstrates that the error

6

was not the result of the exercise of judicial discretion"].)  Realizing it imposed the enhancement term in error, the court had the "inherent power to correct clerical errors in its records so as to make these records reflect the true facts." (*Candelario*, at p. 705.)  Here, the true facts are that Fabisch did not admit the great bodily injury allegation and, in accepting his plea and convicting Fabisch of assault, the court dismissed the balance of the information, including the great bodily injury allegation.  Therefore, we disagree with Fabisch's contention that the court's November 2023 order constituted a resentencing requiring a hearing and his presence.  (See *People v. McGahuey* (1981) 121 Cal.App.3d 524, 530 [while sentence must be pronounced orally on the record in the defendant's presence, an "exception is where the error sought to be corrected is a clerical one"].)

The People cite authority demonstrating courts may correct unauthorized sentences without remanding for resentencing.  For example, in *People v. Zackery* (2007) 147 Cal.App.4th 380, 384–385, the defendant pleaded no contest to counts 1 and 2 but not guilty to count 3.  The trial court, however, sentenced him on count 3, to which he did not plead and for which he was not convicted.  (*Id.* at p. 386.)  The parties agreed the sentence was unauthorized, and the appellate court modified the judgment to strike the sentence on count 3 without remanding for resentencing.  (*Id.* at pp. 386, 393.)  In *People v. Jackson* (1981) 117 Cal.App.3d 654, 659–660, in sentencing the defendant, the trial court ordered the middle term but erroneously declared the middle term to be four years, when it was two years.  The appellate court modified the judgment to reduce the sentence to two years without remanding for resentencing.  (*Id.* at p. 660.)  Similarly here, correction of the unauthorized three-year enhancement for great bodily injury was allowed without a resentencing hearing.

7

Finally, as the People accurately point out, while the trial court's November 2023 order explained that the court had originally added three years for the great bodily injury enhancement—not doubled the term due to it being a violent felony—the December 2023 corrected minutes still reference a doubled term. They state, "In CR954367, the Court finds the Probation Department did not address the conviction for Great Bodily Injury. Based on that conviction, the Court finds this case to be a Violent Felony and the base term is Ordered doubled." This is a clerical error which may be corrected at any time. (See *People v. Mitchell, supra,* 26 Cal.4th at p. 185.) Therefore, we direct the trial court to correct its minutes to strike this language.

## B. Conduct Credits

Fabisch contends the trial court erred in awarding conduct credits pursuant to section 2933.1 instead of section 4019. The People agree the court erred but argue Fabisch must first seek correction of the credits in the trial court before he may raise the issue on appeal.

Under section 4019, a person confined prior to sentencing may earn two days of conduct credits for every two days served. (*People v. McKenzie* (2018) 25 Cal.App.5th 1207, 1212; *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358 [four days deemed served for every two days in actual custody].) But section 2933.1, subdivision (c) limits conduct credits to 15 percent of the actual credits for a defendant convicted of a violent felony within the meaning of section 667.5, subdivision (c), which includes a conviction for a great bodily injury under section 12022.7. (§§ 667.5, subd. (c)(8), 2933.1, subd. (c).)

Here, when the trial court pronounced sentence in October 2023, it calculated conduct credits with a 15 percent limit under the erroneous belief that Fabisch was convicted for a great bodily injury (§ 12022.7, subd. (a)), and

applying that limit, it awarded 27 days of conduct credits (15 percent of the 181 days of actual credits). In its November 2023 order, the court clarified that the plea did not, in fact, admit the great bodily injury allegation. The December 2023 corrected minutes, however, still awarded only 27 days of conduct credits, stating the credits were awarded pursuant to section 2933.1. The amended abstract of judgment also awarded only 27 days of conduct credits even though it identified section 4019—not section 2933.1—as dictating the award.

The parties agree the trial court erroneously limited conduct credits to 15 percent of actual credits. Fabisch asks us to direct the trial court to correct its minutes and the abstract of judgment to award him 90 days of conduct credits, based on the 181 days of actual credits.[3] The People, however, contend that pursuant to section 1237.1, Fabisch must first seek correction of the error in the trial court before he may raise it on appeal.

Section 1237.1 provides, "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing. The trial court retains jurisdiction after a notice of appeal has been filed to correct any error in the calculation of presentence custody credits upon the defendant's request for correction." If no other issues are raised on appeal, "the filing of a motion in the trial court is a prerequisite to raising a presentence credit issue

_____

[3] We note that the People contend that Fabisch's calculation of "90 days of conduct credit for 181 days of actual custody credit, does not adhere to section 4019, subdivision (f)."

9

on appeal." (*People v. Acosta* (1996) 48 Cal.App.4th 411, 428.) A motion to correct the award of credits in the trial court is not required, though, "in order to raise that question on appeal when other issues are litigated on appeal." (*Id.* at p. 427.)

We agree with Fabisch that section 1237.1 does not preclude him from raising this issue. The issue of presentence credits is not the only issue raised on appeal, as demonstrated by our discussion, *ante*. (See *People v. Acosta*, *supra*, 48 Cal.App.4th at p. 427 [trial court motion not required when other issues are litigated on appeal].) The People concede that if Fabisch is not required to first seek credit corrections in the trial court, then we should remand for the trial court to calculate presentence credits. Therefore, we direct the trial court to recalculate presentence credits pursuant to section 4019.

### III. DISPOSITION

The matter is remanded for recalculation of presentence credits. The trial court is directed to prepare amended minutes reflecting the appropriate credits and striking the language regarding the base term being ordered doubled. The trial court is further directed to prepare an amended abstract of judgment reflecting the modification of presentence credits and to forward a copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

10

LANGHORNE WILSON, J.

WE CONCUR:

HUMES, P. J.

BANKE, J.

A169099
*People v. Fabisch*