Filed 6/25/26  P. v. Carothers CA6

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FOREST BARTON CAROTHERS,<br><br>    Defendant and Appellant. | H052720<br>(Santa Cruz County<br>Super. Ct. No. 23CR04910) |

Defendant Forest Barton Carothers appeals from a judgment entered after he pleaded no contest to various charges related to driving under the influence (DUI).  Appointed counsel for Carothers filed an opening brief which provides the procedural and factual background of the case but raises no legal challenge to the disposition.  Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436.)  Carothers was advised of the right to file written arguments on his own behalf but has not responded.

By separate order, this court directed the trial court to augment the record to include reporters' transcripts and minute orders from resentencing proceedings held on February 20, 2025, and July 9, 2025.  We further ordered Carothers' counsel to file a supplemental letter brief explaining what effect, if any, the

resentencing proceedings have on the instant appeal. Counsel submitted the requested supplemental letter brief after the record was augmented.

We subsequently requested supplemental briefing from the parties addressing: "1) whether the trial court had jurisdiction on February 20, 2025, to recall appellant's sentence, suspend imposition of sentence, and place appellant on formal probation; and 2) assuming the trial court had such jurisdiction, given the discrepancy between the 32-month probation term orally pronounced at the February 20, 2025, resentencing hearing and the 36-month probation term recorded in both the February 20, 2025 and the July 9, 2025 minute orders, what is the appropriate remedy?" The parties agree, as do we, that the trial court had jurisdiction to recall the sentence and place Carothers on probation. The parties further agree that the term of probation must be modified to reflect the 32-month term orally pronounced at the February 20, 2025 resentencing hearing.

After conducting our independent review of the augmented record and supplemental briefing, we requested and received additional supplemental briefing from Carothers on the application of *People v. Kopp* (2025) 19 Cal.5th 1 (*Kopp*) and the relevance, if any, of Penal Code section 1237.2 to this matter. The parties waived oral argument, and the matter was resubmitted.

We have identified no errors other than the term of probation. Accordingly, we will modify the term of probation and affirm the order of probation, as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Procedural background

On November 8, 2023, the Santa Cruz County District Attorney filed a complaint charging Carothers with driving under the influence of alcohol within

2

10 years of a felony DUI conviction (Veh. Code,[1] §§ 23152, subd. (a), 23550.5, subd. (a); count 1); driving with a 0.08 percent or higher BAC within 10 years of a felony DUI conviction (§§ 23152, subd. (b), 23550.5, subd. (b); count 2) and driving with 0.01 percent or greater BAC while on probation (§ 23154, subd. (a); count 3).  The complaint also alleged that, as to counts 1 and 2, Carothers willfully refused to submit to chemical tests.  (§ 23577, subd. (a).)

On September 13, 2024, Carothers pleaded no contest to count 1 and count 2 in exchange for dismissal of count 3 and striking the enhancements alleged in connection with counts 1 and 2 for refusing chemical testing.  In addition, Carothers was to be released from presentence custody to serve 364 days probation in a residential treatment program.

On October 16, 2024, the trial court was informed that Carothers had been discharged from the residential treatment program based on rules violations.  On the prosecutor's motion, the trial court dismissed count 1 and sentenced Carothers to the middle term of two years on count 2.  The court imposed a $300 restitution fund fine (§ 1202.4, subd. (b)), an identical $300 probation revocation fund fine, suspended pending completion of parole (§ 1202.45), a $40 "court security assessment fee" (now court operations assessment) (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

On November 19, 2024, Carothers appealed and requested a certificate of probable cause, which the trial court denied.  On February 18, 2025, as Carothers had failed to select any noncertificate grounds in his notice of appeal, this court issued an order to show cause granting him 15 days to file an amended notice stating that the appeal is based on the sentence or other matters occurring after the plea.  (Cal. Rules of Court, rule 8.304(b).)  On that same date, the clerk of the

---

[1] Unspecified statutory references are to the Vehicle Code.

Santa Cruz County Superior Court filed an augmented clerk's transcript including an amended notice of appeal filed by Carothers on December 16, 2024, which had inadvertently not been provided to this court or the parties. As the amended notice of appeal stated that his appeal is based on the sentence or other matters occurring after the plea that do not affect the validity of the plea, this court recalled the order to show cause.

On February 20, 2025, after the record on appeal was filed, but before counsel filed his *Wende* brief, the trial court recalled Carothers' sentence,[2] suspended imposition of sentence, and placed him on a total of 32-months' probation. The court explained that it was "impos[ing] a probationary term of three years formal probation" but that it was also modifying that term to "32 months felony probation" based on the four months he had been in custody with the California Department of Corrections and Rehabilitation (CDCR). The minute order from this hearing however indicates that the term of probation is "36 Mo[nths]."

As to fines and fees, the court again imposed the $300 restitution fund fine (§ 1202.4, subd. (b)), an identical $300 probation revocation fund fine, suspended pending completion of parole (§ 1202.45), a $40 "court security assessment fee" (now court operations assessment) (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373) However, the trial court noted that it was giving Carothers "credit of 25 days against those fines" based on his time served in the CDCR. As a result, the fines and fees were deemed paid.

On July 9, 2025, the trial court indicated that Carothers had failed to sign his "conditional sentence form" after he was ordered to probation on February 20,

---

[2] On February 5, 2025, Carothers requested that the trial court recall and resentence him. The trial court granted the request and calendared the resentencing hearing for February 7, 2025.

2025.  After verifying that Carothers was in compliance with his probation conditions, the trial court indicated that his term of probation was "36 months starting 02/20/2025."  Carothers was late to court and was not present when the trial court restated his term of probation.  When he subsequently arrived, the trial court explained: "[T]he clerk accidentally checked the wrong box on your probation order.  We have prepared a new order.  The attorney is going to bring it to you and go over it with you.  [¶]  Please sign it, that was the other problem."  The court did not discuss the fines and fees at the hearing.  The probation order attached to the minutes indicates that no fines and fees are due based on the credit for time served.

### B. Factual background[3]

On October 12, 2023, Carothers, while on probation for a prior DUI, drove a motor vehicle with a BAC in excess of 0.08 percent.  Carothers refused a peace officer's request that he take a chemical test.  Carothers had previously been convicted of misdemeanor DUI in 2019 and felony DUI 2022.

At a hearing on October 16, 2024, the prosecutor informed the trial court that Carothers had been discharged from his residential treatment program because he gave "a false sample during testing and admitted to using while in treatment." The prosecutor also stated that, on October 13, 2024, police found Carothers unconscious behind the wheel of his mother's car, which he took without her permission.  According to the prosecutor, the vehicle's engine was running and it was in drive.

---

[3] The facts are derived from the complaint and other documents in the record on appeal.  The record does not contain a probation report and Carothers pleaded no contest before a preliminary examination.

**II. DISCUSSION**

### A. The trial court had jurisdiction to recall and resentence

Under section 1172.1, a trial court may recall a sentence and resentence a defendant "on its own motion" within 120 days of the date of commitment. (§ 1172.1, subd. (a)(1).)

In this case, Carothers was sentenced to prison on October 16, 2024. Carothers filed his request to recall and resentence pursuant to section 1172.1 on February 5, 2025, 112 days after his initial sentencing. The trial court calendared the resentencing hearing for February 7, 2024, which was 114 days after the commitment. Because the CDCR did not produce Carothers for the February 7, 2025 hearing, the matter was continued to February 20, 2025 (127 days after the commitment). Although the actual resentencing hearing fell outside the 120-day window provided by section 1172.1, subd. (a)(1), the trial court calendared that hearing within that window and thus retained jurisdiction.[4]

### B. The probation order must be modified

The trial court must pronounce judgment in open court and on the record. (*People v. McGahuey* (1981) 121 Cal.App.3d 524, 530; §§ 1193, 1202.) "The trial court is generally required to include all aspects of a judgment in its oral pronouncement of judgment. [Citation.] Any discrepancy between the judgment as orally pronounced and as recorded in the clerk's minutes or abstract of judgment is presumed to be the result of clerical error. [Citation.] The abstract of judgment 'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.' [Citation.]" (*People v. Leon* (2020) 8 Cal.5th 831, 855.) We may correct a court's

---

[4] The Attorney General concedes the issue and, given that the record reflects that Carothers was not responsible for any delay, we agree with the concession.

written order or judgment that does not accurately reflect its oral pronouncement. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mesa* (1975) 14 Cal.3d 466, 471.)

The parties agree that the court's February 20, 2025 and July 9, 2025 minute orders mistakenly reflect a 36-month term of probation despite the trial court expressly stating, at the February 20, 2025 sentencing, that it was ordering a probation term of 32 months. We agree and will therefore modify the order of probation to reflect the 32-month term pronounced by the trial court.

### C. The fines and fees are moot

In his response to our request for supplemental briefing on the application of *Kopp*, *supra*, 19 Cal.5th 1 and the possible relevance of section 1237.2 to this matter, Carothers has noted that any potential issues relating to the fines and fees imposed in this case were rendered moot when the trial court credited his 25 days of CDCR custody against the amounts imposed. We agree.

### III.    DISPOSITION

The order of probation is modified to reflect a 32-month term of probation. As modified, the order is affirmed.

_____
WILSON, J.


WE CONCUR:




_____
GROVER, ACTING P. J.




_____
BROMBERG, J.




*The People v. Carothers*
H052720